THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LONNIE JOHNS, Defendant-Appellant.

Fifth District   No. 5—84—0314

Opinion filed December 4, 1984.

Randy E. Blue and John R. Abell, both of State Appellate Defender's
Office, of Mt. Vernon, for appellant.

Rodney Clutts, State's Attorney, of Jonesboro (Kenneth R. Boyle,
Stephen E. Norris, and Debra M. Buchman, all of State's Attorneys Appel-
late Service Commission, of counsel), for the People.

JUSTICE KASSERMAN delivered the opinion of the court:

The defendant, Lonnie Johns, pleaded guilty to unlawful manufac-
ture of cannabis in violation of section 5(e) of the Cannabis Control Act
(Ill. Rev. Stat. 1981, ch. 56½, par. 705(e)). Defendant was sentenced to
pay a fine of $700 pursuant to section 5—9—1.1 of the Unified Code of
Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—9—1.1) and to im-
prisonment for a term of three years. The only issue on appeal con-
cerns credit defendant should have received toward his fine and to-
ward his imprisonment. The State concedes the validity of the
defendant's arguments.

Defendant was arrested on December 13, 1982, and was re-
leased on bond on December 14, 1982; therefore, the parties argue
defendant should receive credit for one day of incarceration. We con-
clude, however, that the defendant is entitled to two days' credit: one
for being incarcerated on December 13, 1982, and the other for being
incarcerated on December 14, 1982. Section 5—8—7(b) of the Unified
Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—8—7(b)
states: "The offender shall be given credit on the determinate sentence
*** for time spent in custody as a result of the offense for which sen-

tence was imposed ***." The foregoing section requires that credit be given for all time spent in custody for the same offense (see *People v. Scheib* (1979), 76 Ill. 2d 244, 250, 390 N.E.2d 872, 875); however, no statutory provision or decided case indicates the manner in which the time should be calculated. We conclude that if defendant is held in custody for any part of a day, he should be granted credit against his sentence for that day. To hold otherwise would lead to arbitrary results, *i.e.*, one sheriff might state that defendant was not in custody if he made bond prior to lunch, another might use the breakfast period as the cut-off point, and still another might use a certain hour of the day. Therefore, the circuit court of Union County is directed to issue an amended mittimus and judgment order reflecting the aforementioned credit. Defendant is also entitled to $10 credit toward his fine due to the two days of incarceration in the county jail. (See *People v. Stevens* (1984), 125 Ill. App. 3d 516, 466 N.E.2d 296.) Therefore, if he has not been so credited, defendant should receive $10 credit towards his fine.

For the foregoing reasons, the judgment of the circuit court of Union County is affirmed and the cause is remanded with directions as stated above in this opinion.

Affirmed and remanded with directions.

JONES and KARNS, JJ., concur.