THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES BARRY, Defendant-Appellant.

Third District   No. 3—86—0378

Opinion filed March 10, 1987.

Nancy Rink Carter, of State Appellate Defender's Office, of Ottawa, for appellant.

Greg McClintock, State's Attorney, of Monmouth (Walter P. Hehner, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

The 18-year-old defendant, James Barry, was charged by indictment with attempted burglary and armed violence. The first count alleged that on May 13, 1985, the defendant, with the intent to commit a burglary, performed a substantial step toward commission of that offense in that, without lawful authority, he broke through a concrete wall of a building not owned by him. The second count of the indictment, charging armed violence, alleged that the defendant committed the attempted burglary described in count I while armed with a .22-caliber pistol. On July 10, 1985, the defendant entered a plea of guilty to the armed-violence charge. After hearing the factual basis for the plea, the trial court accepted the plea and ordered a presentence report.

The presentence report noted that the defendant had been adjudicated delinquent as a juvenile on five occasions for committing three thefts, retail theft, and burglary. As an adult, the defendant had been convicted for burglary. The report also noted the defendant's statement that he began smoking marijuana on a daily basis when he was 12 years old, that he often used amphetamines, that he experimented with cocaine, barbiturates, and "LSD," and that he felt he needed counselling for drug and alcohol abuse. At the sentencing hearing, the defendant also told the court that he had a bad drug problem and needed help with it. After considering all the evidence, the court sentenced the

defendant to 12 years' imprisonment. The defendant filed a motion to withdraw the guilty plea based on the excessiveness of the sentence. The motion was heard and denied.

■ The defendant raises two issues on appeal. Generally, failure to raise an issue in a motion to withdraw a guilty plea waives review of the issue. However, where the issue involves a substantial right of the accused, a reviewing court may, at its discretion, consider the merits of the defendant's claim. (*People v. Owens* (1985), 131 Ill. App. 3d 381, 475 N.E.2d 649.) In the instant case, the defendant failed to raise the issues on appeal in the motion to withdraw his guilty plea and thus waived them. We will consider the issues only to the extent of determining whether they constitute plain error.

■ The defendant first argues that his sentence and conviction for armed violence must be reversed because the armed-violence statute as applied to the offense of attempted burglary violates the constitutional assurances of proportionate penalties and due process since it allows the less serious offense of attempted burglary with a gun to be treated as severely as the most serious offense of burglary with a gun.

We disagree. The defendant incorrectly states that because attempted burglary is a less serious offense than burglary, attempted burglary while armed with a gun is a less serious offense than burglary with a gun. By enacting the armed-violence statute (Ill. Rev. Stat. 1985, ch. 38, par. 33A—2), the legislature has seen fit to treat with equal seriousness the commission of any felony while armed with a dangerous weapon (Ill. Rev. Stat. 1985, ch. 38, par. 33A—3). The armed-violence statute was designed to address the increasing use of weapons in the commission of other offenses. The underlying offense carries its own sentencing penalties prior to the application of the armed-violence statute; the armed-violence statute addresses only the connection of a weapon to the underlying offense. (*People v. Eure* (1986), 140 Ill. App. 3d 387, 488 N.E.2d 1267.) The rationale for the statute is that when a felony is committed, the presence of a weapon increases the likelihood that violence will erupt and great bodily harm will result. (*People v. Alejos* (1983), 97 Ill. 2d 502.) The relative classification of the underlying felony is immaterial.

■ The defendant's second argument on appeal is that his sentence should be vacated and the cause remanded for resentencing because the trial court failed to advise him of his right to elect treatment under the Alcoholism and Substance Abuse Act (Ill. Rev. Stat. 1985, ch. 111½, par. 6323). The Act provides in pertinent part:

"If a court has reason to believe that an individual convicted of a crime is an addict or the individual states that he is an addict

and the court finds that he is eligible to make the election provided for under Section 21, the court shall advise him that he may be placed on probation if he elects to submit to treatment and is accepted for treatment by a licensed program designated by the Department." Ill. Rev. Stat. 1985, ch. 111½, par. 6323.

The Act provides that a sentencing judge shall advise "addicts" of the right to such election. An addict is defined by the Act as follows:

" 'Addict' means any person who habitually uses any drug, chemical, substance or dangerous drug other than alcohol so as to endanger the public morals, health, safety or welfare or who is so far addicted to the use of a dangerous drug or controlled substance other than alcohol as to have lost the power of self control with reference to his addiction." Ill. Rev. Stat. 1985, ch. 111½, par. 6304.1.

Under the facts of this case, the judge did not err. In order to be eligible for sentencing under the Act, the defendant must be, in fact, an addict. To trigger the section of the statute that requires the judge to advise the defendant of his rights under the Act, the court must have reason to believe (1) that the defendant is an addict and (2) that he is eligible for treatment under the Act.

The only evidence of use of controlled substances in this case is the defendant's statements to the probation officer and to the court. Nothing more. The defendant stated that he regularly used marijuana and also used amphetamines, barbiturates and "LSD." Neither the court nor the probation officer was obliged to believe the defendant's statements. They may have been true. They may have been made up out of thin air. The statements were totally uncorroborated by any other evidence. Moreover, even if the defendant had used the substances named, mere use does not make a person an addict. It is also worthy of note that the defendant was in custody for two months prior to pleading guilty to the offense. Yet, no evidence was presented that the defendant suffered from any stress due to lack of access to controlled substances during that period of time. The Alcoholism and Substance Abuse Act does not require a judge to inform a defendant of the possibility of probation if he elects treatment under the Act every time a defendant claims to have a drug problem.

The decision of the circuit court of Warren County is affirmed.

Affirmed.

BARRY, P.J., and SCOTT, J., concur.