THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES F. SMITH, Defendant-Appellant.

Third District No. 3—87—0070

Opinion filed December 8, 1987.

HEIPLE, J., dissenting.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Petka, State's Attorney, of Joliet (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE WOMBACHER delivered the opinion of the court:

Following a jury trial, the defendant James F. Smith was convicted of possession of heroin (Ill. Rev. Stat. 1985, ch. 56½, par. 1402(b)) and sentenced to an extended term of five years. He appeals from his sentence. We vacate the sentence.

The evidence at trial showed that on July 17, 1986, the police executed a residential search warrant. They found the defendant in the bathroom and a baggy with 2.3 grams of heroin in the toilet. The defendant told the police that he had a $100-a-day heroin habit.

The presentence investigation indicated that the defendant stated the following. He had become addicted to heroin while he served in Vietnam. He had used heroin sporadically since then. He had been using heroin at the time of his instant arrest. He had since discontinued use of heroin. The defendant further stated that in 1980 he completed one week of heroin addiction treatment at the Hines Veterans Hospital. The probation officer who prepared the presentence investigation report concluded that the defendant would benefit from drug counseling and/or Narcotics Anonymous. At the sentencing hearing, defense counsel acknowledged the defendant's admission that he was a drug addict.

The defendant argues on appeal that the court reversibly erred in failing to advise him of his right to elect treatment under section 23 of the Alcoholism and Substance Abuse Act (the Act). (Ill. Rev. Stat. 1985, ch. 111½, par. 6323.) We agree.

In pertinent part, section 23 of the Act mandates that "[i]f a court has reason to believe that an individual convicted of a crime is an addict ***, the court shall advise him" of his possibility to elect treatment under the Act. (Ill. Rev. Stat. 1985, ch. 111½, par. 6323; see *People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024.) The Act defines an addict as "any person who habitually uses any drug, *** so as to endanger the public morals, health, safety or welfare or who *** [has] lost the power of self control with reference to his addiction." (Ill. Rev. Stat. 1985, ch. 111½, par. 6304.1.) The provisions of section 23 take effect in one of two ways, "if a court has reason to believe that an individual *** is an addict or the individual states that he is an addict." Ill. Rev. Stat. 1985, ch. 111½, par. 6323.

■ In general, little evidence should be required to give a court "reason to believe" that the defendant is an addict. (*People v. Strange* (1984), 125 Ill. App. 3d 43, 465 N.E.2d 616.) A reviewing court may examine the existence of a "reason to believe" even when the trial court made no such determination. *Strange,* 125 Ill. App. 3d 43, 465 N.E.2d 616.

■ The defendant admitted his long-term heroin use, stated at the time of the offense that he used $100 worth of heroin daily, and acknowledged his use of heroin following completion of heroin addiction treatment. Despite the State's references to the absence of proof on the value of heroin, the absence of proof on withdrawal symptoms during the defendant's custody, and the defendant's claim that he had discontinued use of heroin, we find compelling reasons to believe that the defendant had, in fact, lost the power of self-control with respect to the use of heroin.

The appellee relies on this court's decision in *People v. Barry* (1987), 152 Ill. App. 3d 915, 504 N.E.2d 1381, to support an affirmance of the trial court's sentence. In *Barry* the defendant pleaded guilty to a charge of armed violence. The presentence report noted that the defendant had stated that he used marijuana regularly and had experimented with other drugs. Those statements had been totally uncorroborated by any other evidence. The trial court decided not to advise him of his right to elect treatment under the Act. This court affirmed that determination.

The facts present at bar are sufficiently distinguishable from those in *Barry* to preclude its application as controlling precedent. Further, in *Barry*, this court considered the issue of an alleged addiction only in the context of whether there was plain error in the defendant's appeal from his guilty plea. The *Barry* decision is not precedential with respect to the instant case since it is not squarely on point and is distinguishable for the reasons heretofore given. The doctrine of *stare decisis* is therefore not applicable. The concern expressed in the dissenting opinion, that our refusal to apply the results of *Barry* to facts of this case will bring "chaos" into the law and undermine the appellate court as an institution, is simply classic hyperbole.

In the instant case the defendant had two prior drug offenses in 1978 and 1982, which tend to corroborate the allegation that he was an addict. Indeed, an obvious relationship exists between the instant conviction for possession of heroin and the allegation that the defendant has a drug addiction. (See *People v. Cattaneo* (1986), 147 Ill. App. 3d 198, 497 N.E.2d 1363.) The defendant here has undergone professional treatment for drug addiction. The trial court made a specific finding, at the time of sentencing, that the defendant had a drug problem which had persisted beyond his prior hospitalization for drug treatment.

The fact that the defendant may ultimately be denied treatment under the Act does not negate the court's obligation to inform the defendant of treatment possibilities. (*People v. Richardson* (1984), 104 Ill. 2d 8, 470 N.E.2d 1024.) Consequently, as the court failed to inform the defendant of his treatment possibilities under the Act, we vacate the sentence and remand for resentencing.

Despite our decision to vacate the sentence, we consider the defendant's second issue, as it may be significant on resentencing. In that issue, the defendant argues that he is entitled to an additional day of credit against his sentence.

The defendant was taken into custody on July 17, 1986, and re-

leased on bond on July 29, 1986. At sentencing, the court noted that the defendant first appeared in custody on July 18, 1986. It credited the defendant with 12 days against his sentence. The defendant did not object.

According to the defendant, counting any fractional day as a full day for credit, he was entitled to 13 days' credit against his sentence. (*People v. Johns* (1984), 130 Ill. App. 3d 548, 474 N.E.2d 739.) The State argues waiver.

In the absence of authority finding waiver under circumstances more specifically like these, we address the question and agree that for his July 1986 time in custody, the defendant is entitled to 13 days' credit against the sentence imposed on the instant offense. He was in custody from July 17 until July 29, 13 days.

Based on the foregoing, the sentence is vacated and the cause is remanded for resentencing.

Sentence vacated; cause remanded.

BARRY, P.J., concurs.

JUSTICE HEIPLE, dissenting:

The majority opinion in this case reaches a legal result that is contrary to the decision of the Third District Appellate Court which was recently rendered in March of 1987. In so doing, it summarily disregards the time-honored concept of *stare decisis*. The case in point is that of *People v. Barry* (1987), 152 Ill. App. 3d 915. The majority opinion attempts to make a fine factual distinction between the instant case and *Barry*, but the effort is hollow. The *Barry* decision commands a different result. A comparison of the two cases makes that obvious.

In sum, the majority finding is based on the defendant's self-serving and impeached claim that he is an addict. Very importantly, the trial judge was not obliged to believe the defendant's statements about his addiction. The defendant's counsel acknowledged at the sentencing hearing that the defendant was an addict. That acknowledgment, however, is not evidence. It is not the law that anyone who has used, possessed or sold drugs is an addict. That, however, is where the majority offering clearly leads. That the defendant has a drug problem is clear. That he is an addict is not. It is not clear in this case that the trial court had reason to believe the defendant to be an addict. Accordingly, the trial court was not mandated to advise the defendant of his possibility to elect treatment under the Act. Thus,

the sentence should not be vacated.

Some appellate judges, most commonly those who have never been trial judges themselves, have succumbed to the tendency to process a case on appeal as though it were a trial *de novo* with a new trial court. The practice of conducting trials *de novo* on review formerly existed with regard to appeals from justices of the peace and police magistrates. This practice was abolished, however, with the adoption of the judicial article to the Illinois Constitution in 1962. And, trials *de novo* were never conducted with regard to appeals from courts of record.

Finally, a word about different panels of the same appellate court going off on different tangents on points of law. The word is chaos. The doctrine of *stare decisis* is calculated to eliminate chaos by bringing order into the law. Disregard of this precept by an appellate court creates uncertainty in the law, encourages appellate litigation and undermines the *raison d'etre* for the appellate court as an institution. It converts the appellate court from a reviewing court of law and precedent to a mere second-tier trial court considering matters *de novo* and without regard to former rulings. The practice deserves condemnation.