NO. 4-99-0836

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

GEORGE A. LIGONS,

Defendant-Appellant.

)

)

)

)

)

)

)

)

Appeal from

Circuit Court of

Macon County

No. 99CF800

Honorable

Jerry L. Patton,

Judge Presiding.

_________________________________________________________________

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In June 1999, the State charged defendant, George A. Ligons, with the offense of theft of property having a value less than $300 with a prior retail theft conviction (720 ILCS 5/16-1(a)(1)(A), (b)(2) (West 1998)).  Following an August 1999 trial, a jury convicted him of theft.  At defendant's September 1999 sentencing hearing, the trial court took judicial notice of defendant's prior retail theft conviction (Macon County case No. 99-CF-155), which enhanced defendant's theft conviction from a Class A misdemeanor to a Class 4 felony, pursuant to section 16-1(b)(2) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/16-1(b)(2) (West 1998)).  The court then sentenced him to an extended term of six years in prison, based on his prior felony convictions (730 ILCS 5/5-5-3.2(b)(1) (West 1998)), and gave him 
credit for 106 days served in county jail.

Defendant appeals, arguing that (1) the enhancement provision set forth in 
section 16-1(b)(2) of the Criminal Code (720 ILCS 5/16-1(b)(2) (West 1998)) is unconstitutional pursuant to
 
Apprendi v. New Jersey
, 530 U.S. 466, 490, 147 L. Ed. 2d 435, 455, 120 S. Ct. 2348, 2362-63 (2000);
 
(2) the extended-term sentencing provision set forth in section 5-5-3.2(b)(1) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-5-3.2(b)(1) (West 1998)) is unconstitutional pursuant to
 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63; and (3) 
he is entitled to one additional day of credit for time served
.  We affirm and remand with directions.

I. BACKGROUND

In June 1999, the State charged defendant with theft with a prior retail theft conviction, in that he "knowing exerted unauthorized control over property of Thomas C. Butts, Jr., being a mountain bike, having a total value less than $300.00, intending to deprive [Butts] permanently of the use of the property," having been previously convicted of retail theft in Macon County case No. 99-CF-155.  

At defendant's August 1999 jury trial, Butts, a Decatur police officer, testified that in mid-May 1999, he purchased a Diamond Back mountain bike for $235.  During the early morning hours of May 29, 1999, someone stole the bike from the front porch of Butts' home in Decatur.  At around 2:30 p.m. the next day, Butts was on patrol when he saw a man (later identified as William Broadnax) riding a bike that looked very similar to his missing bike.  Butts stopped Broadnax and determined that it was the stolen bike.  

Broadnax testified that on the morning of May 30, 1999, his friend, Ronald Bond, told him that defendant had a bike for sale.  Around 10 a.m. that day, Broadnax met with defendant at a house on King Street in Decatur and paid him $80 for the bike.  After being stopped by Butts, Broadnax explained that he had bought the bike and then took Butts to the house on King Street.

Decatur police detective Joe Patton testified that on May 31, 1999, he interviewed defendant regarding the stolen bike.  Defendant admitted that he sold a mountain bike for $80 to the friend of a person named Jimmy Jones.  Defendant also told Patton that he bought the bike for $20 from a white male "crack head" whom he did not know and could not identify.  He bought it either on a Friday or Saturday night in the area of College and Green Streets in Decatur.  Patton then told defendant that based upon the circumstances of the purchase, in particular, the fact that defendant paid $20 for a new bike and bought it from a "crack head" in a drug area, he should have known that the bike was stolen.  Defendant responded that he did not think about that and just wanted to buy the bike and resell it.  

On this evidence, the jury convicted defendant, and the trial court sentenced him as stated.  This appeal followed.

II. ANALYSIS

A. Constitutionality of Section 16-1(b)(2) Under 
Apprendi

Defendant first argues that the enhancement provision of section 16-1(b)(2) of the Criminal Code (720 ILCS 5/16-1(b)(2) (West 1998)), under which he was sentenced as a Class 4 felon, is unconstitutional under 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  We disagree. 

Section 16-1(b)(2) provides, in pertinent part, as follows:

"A person who has been convicted of theft of property not exceeding $300 in value, other than a firearm and not from the person, who has been previously convicted of any type of theft, *** is guilty of a Class 4 felony.  When a person has any such prior conviction, the information or indictment charging that person shall state such prior conviction so as to give notice of the State's intention to treat the charge as a felony.  The fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial."  720 ILCS 5/16-1(b)(2) (West 1998).  

Thus, section 16-1(b)(2) of the Criminal Code requires the State to give a defendant notice if it intends to request that the trial court sentence the defendant as a Class 4 felon. 
 However, the statute does not require a jury to find that a defendant's prior conviction has been proved beyond a reasonable doubt before the court may sentence the defendant as a Class 4 felon.  Instead, the legislature explicitly provided that "[t]he fact of such prior conviction is not an element of the offense and may not be disclosed to the jury during trial unless otherwise permitted by issues properly raised during such trial."  720 ILCS 5/16-1(b)(2) (West 1998).   

In 
Apprendi
, the United States Supreme Court reviewed a New Jersey statute that authorized an extended term of 10 to 20 years' in prison for a second degree offense if the trial court found by a preponderance of the evidence that "'[t]he defendant in committing the crime acted with a purpose to intimidate an individual or group of individuals because of race, color, gender, handicap, religion, sexual orientation[,] or ethnicity.'"  
Apprendi
, 530 U.S. at 468-69, 147 L. Ed. 2d at 442, 120 S. Ct. at 2351, quoting N.J. Stat. Ann. §2C:44-3(e) (West Supp. 1999-2000).  The trial court sentenced the defendant in 
Apprendi
 to 12 years in prison for possession of a firearm because the court found that he had violated the hate-crime statute.  
Apprendi
, 530 U.S. at 471, 147 L. Ed. 2d at 443, 120 S. Ct. at 2352.  On appeal, the defendant argued that due process required the prosecution to allege the statutory enhancement factor in its indictment and prove the factor beyond a reasonable doubt.  The Supreme Court agreed, holding that "'under the [d]ue [p]rocess [c]lause of the [f]ifth [a]mendment and the notice and jury trial guarantees of the [s]ixth [a]mendment, any fact (
other
 
than
 
prior
 
conviction
) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt.'"  (Emphasis added.)  
Apprendi
, 530 U.S. at 476, 147 L. Ed. 2d at 446, 120 S. Ct. at 2355, quoting 
Jones v. United States
, 526 U.S. 227, 243 n.6, 143 L. Ed. 2d 311, 326 n.6, 119 S. Ct. 1215, 1224 n.6 (1999).  The Court's holding thus created an exception for recidivism, which the Court had previously declared constitutional in 
Almendarez-Torres v. United States
, 523 U.S. 224, 140 L. Ed. 2d 350, 118 S. Ct. 1219 (1998).

In discussing the 
recidivism
 exception, the 
Apprendi
 Court explained that prior convictions are acceptable sentencing enhancing factors because they "[were] entered pursuant to proceedings with substantial procedural safeguards of their own."  
Apprendi
, 530 U.S. at 488, 147 L. Ed. 2d at 453, 120 S. Ct. at 2361.  The
 Court also articulated the following additional reasons for the recidivism exception:  (1) recidivism is not an essential element of the underlying criminal offense; and (2) recidivism does not relate to the commission of the underlying offense. 

Defendant concedes that the 
Apprendi
 Court explicitly recognized that prior convictions constitute an exception to the general rule that facts which increase a sentence beyond the statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.  Nonetheless, he contends that because 
Almendarez-Torres
 was "badly reasoned" and the 
Apprendi
 Court called into question whether it was correctly decided, we should (1) conclude that 
Apprendi
 requires prior convictions under section 16-1(b)(2) of the Criminal Code to be submitted to a jury and proved beyond a reasonable doubt and (2) hold that section 16-1(b)(2) violates a defendant's right to trial by jury and due process.  We are unpersuaded.

Although the 
Apprendi
 Court stated that "it is arguable that 
Almendarez-Torres
 was incorrectly decided," the Court was clear that it was not overruling its prior decision.  
Apprendi
, 530 U.S. at 489-90, 147 L. Ed. 2d at 454, 120 S. Ct. at 2362;  see also 
United States v. Powell
, 109 F. Supp. 2d 381, 383 (E.D. Pa. 2000) (noting that 
Almendarez-Torres
 is the law until the Supreme Court overrules it).  Because 
Almendarez-Torres
 is still good law, we reject defendant's assertion that 
Apprendi
 renders unconstitutional section 16-1(b)(2) of the Criminal Code, which provides for sentencing as a Class 4 felon based on prior convictions.

In so holding, we note that section 16-1(b)(2) authorizes sentencing as a Class 4 felon when a defendant has a prior theft conviction (or other prior convictions not applicable here), which could only have been obtained as the result of proceedings that provided substantial procedural safeguards. Defendant's March 1999 retail theft conviction, which provided the basis for the trial court's sentencing him as a Class 4 felon, was obtained through such procedures.  (Defendant entered a knowing and voluntary guilty plea after being fully admonished by the trial court.)  We further note that the additional reasons recognized in 
Apprendi
 for applying the recidivism exception are also present in this case because (1) defendant's prior retail theft conviction was not an essential element of the underlying criminal offense and (2) his prior conviction did not relate to the commission of the underlying offense.

To interpret and apply 
Apprendi
 as defendant requests would eliminate the very protections the legislature intended to grant defendants when it rewrote the sentencing provision in section 16-1 of the Criminal Code to assure that defendant's prior convictions are not disclosed to the jury during trial unless otherwise admissible.  See Pub. Act 85-691, §1, eff. January 1, 1988 (1987 Ill. Laws 2895, 2897-98) (adding Ill. Rev. Stat. 1987, ch. 38, par. 16-1(e)(2) (now 720 ILCS 5/16-1(b)(2) (West 1998))).  As the legislature recognized when it added that language, to treat a prior conviction as an element of the charged offense or as a fact that relates to the commission of the charged offense could result in significant prejudice to the defendant.  
Spencer v. Texas
, 385 U.S. 554, 560, 17 L. Ed. 2d 606, 612, 87 S. Ct. 648, 652 (1967).  Requiring the jury to decide whether a defendant has been convicted of a previous theft offense under section 16-1(b)(2) would force the State to introduce evidence of the defendant's prior crime during the guilt phase of the defendant's jury trial.  That requirement could increase the possibility that a jury would find a defendant guilty based on the defendant's criminal history, not on the conduct underlying the charged offense.  The Supreme Court in 
Apprendi
 could not have intended such a result.

Alternatively, defendant contends that section 16-1(b)(2) of the Criminal Code contains other enhancing factors that are nonrecidivist in nature.  Specifically, he contends that the language of section 16-1(b)(2), which provides that the section applies only when a defendant "has been convicted of theft of property not exceeding $300 in value, other than a firearm and not from the person" (720 ILCS 5/16-1(b)(2) (West 1998)) indicates that the trial court must find those factors before enhancing a misdemeanor theft conviction to a Class 4 felony conviction.  Defendant misconstrues the statutory language.  That portion of the statute does not set forth factors that must be proved prior to enhancing a defendant's Class A misdemeanor theft to a Class 4 felony.  It simply describes the present offense of which the trier of fact has found the defendant guilty--that is, general theft of property having a value not exceeding $300.   

In a further attempt to bring the statute under the holding of 
Apprendi
, defendant contends that the timing of the prior conviction (that is, that it must have occurred 
prior
 to the present charged offense) is a nonrecidivist factor that the State must prove beyond a reasonable doubt to a jury.  We are not persuaded.  The timing of the prior conviction is clearly intertwined with the prior conviction itself and does not constitute a nonrecidivist enhancing factor.             

B. Constitutionality of Section 5-5-3.2(b)(1) Under 
Apprendi

Defendant next argues that the enhanced sentencing provision of section 5-5-3.2(b)(1) of the Unified Code (730 ILCS 5/5-5-3.2(b)(1) (West 1998)) is unconstitutional under 
Apprendi
, 530 U.S. at 490, 147 L. Ed. 2d at 455, 120 S. Ct. at 2362-63.  We disagree. 

In 
People v. Dillard
, 319 Ill. App. 3d 102, 109, 745 N.E.2d 185, 191 (2001), we addressed and rejected this same argument.  We adhere to our holding in 
Dillard
 and thus reject defendant's contention that 
Apprendi
 renders unconstitutional 

section 5-5-3.2(b)(1) of the Unified Code.

C. Credit for Time Served

Last, defendant argues that he is entitled to one additional day of credit against his prison sentence for time served prior to sentencing.  Defendant claims that the record shows that he is entitled to 107 days of credit, yet the trial court (after consulting with the prosecutor and defense counsel) credited him with only 106 days.  The State concedes that defendant is entitled to an additional day of credit.  We accept the State's concession and remand with instructions to amend the written sentencing judgment to reflect one additional day of credit for time served prior to sentencing.

This case is yet another illustration of the confusion that still surrounds the calculation of credit for time served prior to sentencing.  Perhaps one of the reasons for this confusion is the fact that section 1.11 of the Statute on Statutes provides that "[t]he time within which any act provided by law is to be done shall be computed by 
excluding
 the first day and including the last" (emphasis added) (5 ILCS 70/1.11 (West 1998)).  The 
sole
 exception to that rule is when a criminal defendant is in custody prior to sentencing.  Under that circumstance, the defendant is entitled to one day of credit for each day (or portion thereof) that he spends in custody prior to sentencing, including the day he was taken into custody.  See 
People v. Smith
, 258 Ill. App. 3d 261, 267, 630 N.E.2d 147, 151 (1994) (a defendant held in custody for any part of the day should be given credit against his sentence for that day, including the day he was taken into custody).       

III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment and remand with directions.

Affirmed and remanded with directions.

MYERSCOUGH and COOK, JJ., concur.