NOTICE

Decision filed 12/28/07. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0182

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellee, | ) Fayette County. |
| | ) |
| v. | ) No. 06-CF-108 |
| | ) |
| RODNEY D. TEDRICK, | ) Honorable |
| | ) Michael D. McHaney, |
| Defendant-Appellant. | ) Judge, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

Defendant, Rodney D. Tedrick, was convicted, after a bench trial in the circuit court of Fayette County, of domestic battery under section 12-3.2(a)(1) of the Criminal Code of 1961 (720 ILCS 5/12-3.2(a)(1) (West 2006)), and he was sentenced to five years' imprisonment. Defendant appeals, arguing he was denied a fair trial because he was shackled and dressed in an orange jail uniform at the trial. He further contends he is entitled to additional sentencing credit for time served in custody after his arrest on July 9, 2006.

On July 9, 2006, the 16-year-old victim decided to drive to her grandmother's house. She encountered Jake and Zach, who were looking for her father, defendant. The victim drove them to Vandalia Lake, where she believed her father might be, arriving after 12 a.m. Defendant, who was fishing, was present at the lake site along with Matt, Tracy, another individual, and a two-year-old girl.

Defendant had been drinking beer and appeared to be intoxicated. At some point, defendant began pushing the victim around in a playful manner until she told him to stop. For some unknown reason, defendant then took off his pants and began walking around half

1

naked. The victim asked him several times to put his pants back on. Instead of doing so, defendant became angry and slapped the victim. She picked up the little girl and told Jake and Zach she wanted to leave. Defendant grabbed her, slapped her, and then took the child away from her. Matt came to her rescue, which caused defendant to start hitting Matt. The victim, in turn, tried to push defendant off Matt, but defendant turned around and struck her on the head with his fist. The victim testified that it "really hurt" when defendant hit her and that she cried profusely in response. Defendant punched Matt several more times while the victim was on the ground screaming for him to stop. She testified that defendant then kicked her while she was on the ground. The victim ran to her car and drove to her grandmother's place to call for help. Her aunt decided to call the police. When the responding officer arrived, he found Matt bleeding from his nose and mouth and defendant asleep in a camper, naked from the waist down. He asked defendant to get dressed and placed him under arrest. According to the officer, defendant appeared to be quite intoxicated and was making little sense.

Defendant testified he had lost about 50 pounds when he was last in jail and on July 9 was wearing clothes that he had worn before he went to prison. Defendant had just been released from prison two days earlier. Defendant had helped Matt move some furniture earlier in the day before they went to the lake. Defendant had not seen his daughter earlier in the day and was upset that she had been out past curfew the night before. When the victim arrived at the lake site, he and she got into "a little bit of an argument." Defendant told her that if she could not mind him, she should go home to her mother's house. Defendant stated that she kept arguing and that he "pecked her on top of her head." Defendant claimed that she threw herself down on the ground in response and that she was not hurt. Defendant denied hitting her and stated he was just trying to "tell her to stop." Matt ran up and knocked him over a picnic table. When he got up, his pants had fallen off. Defendant responded to

2

the attack by hitting Matt three or four times until he went down on the ground. He then picked up his pants and went into the trailer and fell asleep. He denied taking off his pants in front of the victim or that he smacked or kicked her.

The court specifically found the testimony of the State's witnesses to be credible, as opposed to the testimony of defendant. The court noted that defendant admitted to being intoxicated at the time of the offense and later passing out and further admitted to making contact with the victim's head. The court also noted that at the trial defendant's demonstration–using his knuckles to strike the witness rail as he allegedly had done to the victim's head–was "alarming in its force." The court therefore concluded that the State had proved beyond all reasonable doubt that defendant was guilty of domestic battery.

Defendant argues on appeal that he was denied a fair trial because he was shackled at the trial and wore an orange jail uniform, as pointed out in the victim's identification testimony. The State correctly points out, however, that defendant forfeited any claim of error by failing to object at the trial to the wearing of the uniform or shackles.

Before a defendant may be restrained *at a trial*, the trial court must hold a hearing on the issue, consider various factors in determining the necessity of the restraint, give the defendant an opportunity to object, and state on the record its reasons for employing the restraints. *People v. Boose*, 66 Ill. 2d 261, 362 N.E.2d 303 (1977). The shackling of a defendant should be avoided because "(1) it tends to prejudice the jury against the accused; (2) it restricts his ability to assist his counsel during trial; and (3) it offends the dignity of the judicial process." *Boose*, 66 Ill. 2d at 265, 362 N.E.2d at 305. The wearing of restraints without a showing of necessity on the record, however, is not *per se* reversible error if the defendant never objects. *People v. Allen*, 222 Ill. 2d 340, 353-54, 856 N.E.2d 349, 356-57 (2006); see *People v. DuPree*, 353 Ill. App. 3d 1037, 820 N.E.2d 560 (2004). The same is true for appearing at a trial in jail clothing. *Estelle v. Williams*, 425 U.S. 501, 512-13, 48 L.

3

Ed. 2d 126, 135, 96 S. Ct. 1691, 1697 (1976); *Allen*, 222 Ill. 2d at 354-55, 856 N.E.2d at 357. The State concedes it was error for the trial court to allow defendant to appear in handcuffs without first holding a hearing concerning the restraints, but as the State further points out, under *Allen*, defendant's failure to object resulted in the forfeiture of that error. Defendant's only hope for relief would be to prove the existence of plain error. Defendant argues that his appearance in handcuffs and jail clothing at his bench trial amounted to plain error because the evidence was closely balanced. The record, however, shows otherwise; this was not, as defendant contends, a close domestic battery case. Not only did the police officer's testimony lend credence to the victim's version of the events, but defendant admitted striking the victim on the head. Defendant might have denied some of what the victim said he had done to her, such as slapping her more than once and kicking her, but the case ceased to be a true swearing contest when he described and demonstrated what he did do. Defendant also admitted that he would "smack" the victim if she dared approach him while angry, and his demonstration at the trial of how he hit her was, according to the court's observations, "alarming in its force." Defendant failed to show that his appearance in handcuffs and jail clothing constituted plain error on the ground of the evidence being closely balanced.

We also agree that defendant failed to prove that he is entitled to relief under the second prong of the plain error test, because, just as in *Allen*, he does not, and cannot, point to anything in the record showing that his presumption of innocence, his ability to assist his counsel, or the dignity of the proceedings was compromised. See *Allen*, 222 Ill. 2d at 353, 856 N.E.2d at 357; see also *People v. Woods*, 373 Ill. App. 3d 171, 176-77, 866 N.E.2d 1205, 1209-10 (2007).

Defendant next asserts he received the ineffective assistance of counsel by counsel's failure to object to defendant's appearance in handcuffs and jail clothing at the trial. In order

to prove the ineffectiveness of counsel, a defendant must show that counsel's representation was deficient and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068. Defendant's ineffective-assistance claim here must fail because there is no reasonable probability that he would have been found not guilty if counsel had objected to the handcuffs and jail clothing. The victim's version of events was the more credible one, especially considering defendant's drunken state at the time of the offense. More importantly, defendant essentially admitted committing the crime. We agree that in light of all of the testimony presented, the trial court would have found defendant guilty regardless of whether he was restrained or how he was attired. We therefore find no reason to grant defendant a new trial on this basis. See *DuPree*, 353 Ill. App. 3d at 1045, 820 N.E.2d at 566-67.

Defendant next argues he is entitled to 219 days of sentencing credit for all of the time served in custody beginning on the date of his arrest on July 9, 2006. A defendant is entitled to one day of credit against his sentence for every day or portion of a day he spends in custody on the offense between the date of his arrest and his sentencing. *People v. Ligons*, 325 Ill. App. 3d 753, 759, 759 N.E.2d 169, 174 (2001). The rule applies if a defendant never posts bond on one or more offenses and is in simultaneous custody on more than one offense. *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996). Defendant was arrested on July 9, 2006, and sentenced on January 24, 2007. He therefore is entitled to only 200 days of sentencing credit.

For the forgoing reasons, we affirm the judgment of the circuit court of Fayette County convicting defendant of domestic battery, but we remand this cause for the correction

5

of the mittimus to award defendant the proper amount of sentencing credit.

Affirmed in part; cause remanded.

GOLDENHERSH and SPOMER, JJ., concur.

NO. 5-07-0182

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 06-CF-108 |
| | ) | |
| RODNEY D. TEDRICK, | ) | Honorable |
| | ) | Michael D. McHaney, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Opinion Filed**: December 28, 2007

_____

**Justices**: Honorable James K. Donovan, J.

Honorable Richard P. Goldenhersh, J., and
Honorable Stephen L. Spomer, J.,
Concur

_____

**Attorneys for Appellant**

Daniel M. Kirwan, Deputy Defender, Dan W. Evers, Assistant Defender, Office of the State Appellate Defender, Fifth Judicial District, 117 North Tenth Street, Suite #300, Mt. Vernon, IL 62864

_____

**Attorneys for Appellee**

Hon. Steve Friedel, State's Attorney, Fayette County Courthouse, Vandalia, IL 62471; Norbert J. Goetten, Director, Stephen E. Norris, Deputy Director, Deirdre A. Hosler, Staff Attorney, Office of the State's Attorneys Appellate Prosecutor, 730 E. Illinois Highway 15, Suite 2, P.O. Box 2249, Mt. Vernon, IL 62864

_____