THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL WILLIAMS, Defendant-Appellant.

First District (1st Division)   No. 1—08—2525

Opinion filed September 28, 2009.

GARCIA, J., specially concurring.

Levi S. Harris, of State Appellate Defender's Office, of Chicago, for appellant.

Anita M. Alvarez, State's Attorney, of Chicago (James E. Fitzgerald, Brian Hodes, and Whitney Bond, Assistant State's Attorneys, of counsel), for the People.

JUSTICE PATTI delivered the opinion of the court:

Following a bench trial, defendant Michael Williams was convicted of being an armed habitual criminal and sentenced to six years' imprisonment with fines and fees. Defendant contends on appeal that he was erroneously credited 248 days for presentencing detention when he is entitled to 288 days' credit, including the day of sentencing. The State concedes the error but contends that defendant is entitled to 287 days' credit because the day of sentencing should not be included. Defendant also contends, and the State concedes, that the trial court erred in assessing certain fines and fees.

■ The record shows, and the parties agree, that defendant was arrested on June 14, 2007, and remained in custody until he was sentenced and the mittimus issued on March 27, 2008. Therefore, defendant is entitled to 287 days' credit if the sentencing day is not included or 288 days if it is. 730 ILCS 5/5—8—7(b) (West 2006) (a defendant "shall be given credit on the determinate sentence *** for time spent in custody as a result of the offense for which the sentence was imposed"); *People v. Leach*, 385 Ill. App. 3d 215, 223 (2008) (a defendant is due one day of credit for each day or portion thereof spent in custody prior to sentencing, including the day he was taken into custody).

Except for certain specified offenses, a prisoner serving a term of imprisonment receives one day of good conduct credit for each day of his prison sentence. 730 ILCS 5/3—6—3(a)(2.1) (West 2006). A sentence of imprisonment begins on the date when a defendant is received by the Department of Corrections (Department). 730 ILCS 5/5—8—7(a) (West 2006). There is an apparent split of opinion in this court as to whether, under sections 3—6—3 and 5—8—7 of the Unified Code of Corrections (730 ILCS 5/3—6—3, 5—8—7 (West 2006)), the day of sentencing is included in computation of the presentencing credit.

The Fourth District has held that the day of sentencing is not included if the defendant is remanded to the Department on the same day. *People v. Elder*, 392 Ill. App. 3d 133, 138 (2009); *Leach*, 385 Ill. App. 3d at 223; *People v. Walton*, 376 Ill. App. 3d 149, 161 (2007); *People v. Newbill*, 374 Ill. App. 3d 847, 855 (2007); *People v. Revell*, 372 Ill. App. 3d 981, 990-92 (2007); *People v. Peterson*, 372 Ill. App. 3d 1010, 1019 (2007); *People v. Allen*, 371 Ill. App. 3d 279, 284-85 (2006). The *Revell* court noted that a mittimus directs the sheriff to deliver a

defendant to the Department to serve his sentence and explained that, "[b]y not crediting a defendant for the day of sentencing in which he is remanded to prison, a defendant will not ultimately remain incarcerated for a period in excess of his sentence. Instead, his prison sentence will begin, and he will no longer be in custody 'prior to sentencing.' " *Revell*, 372 Ill. App. 3d at 991. The *Revell* court acknowledged that "[t]he issue is less clear when a defendant's transfer to [the Department] does not occur immediately," noting that "a prisoner may remain in the county jail and still be in the custody of" the Department. *Revell*, 372 Ill. App. 3d at 991-92.

The Fourth District cases rely for the proposition in question upon this district's decision in *People v. Foreman*, 361 Ill. App. 3d 136, 157 (2005), which cites *People v. Stewart*, 217 Ill. App. 3d 373, 377 (3d Dist. 1991), which in turn cites to *People v. Leggans*, 140 Ill. App. 3d 268, 270-71 (5th Dist. 1986). In *Leggans*, this court stated without citation that "a prisoner cannot receive double credit for county jail time and [Department] time for an incarceration on the same day for the same offense." *Leggans*, 140 Ill. App. 3d at 270-71.

On the other hand, several cases outside the Fourth District, including this district, have held implicitly in their calculation of presentencing credit that the day of sentencing is included. *People v. Tedrick*, 377 Ill. App. 3d 926, 930 (5th Dist. 2007); *People v. Minniti*, 373 Ill. App. 3d 55, 74 (2d Dist. 2007); *People v. Miller*, 363 Ill. App. 3d 67, 80-81 (1st Dist. 2005); *People v. Bagnell*, 348 Ill. App. 3d 322, 324-25 (3d Dist. 2004), *abrogated on other grounds, People v. Henderson*, 217 Ill. 2d 449, 461-63 (2005). *Tedrick* cites to *People v. Ligons*, 325 Ill. App. 3d 753 (2001), which is also relied upon by defendant.

In *Ligons*, the Fourth District held that a defendant was entitled to an additional day of presentencing detention credit. *Ligons*, 325 Ill. App. 3d at 759. However, the court made it clear that the day it was adding was the first day of custody, not the day of sentencing:

> "This case is yet another illustration of the confusion that still surrounds the calculation of credit for time served prior to sentencing. Perhaps one of the reasons for this confusion is the fact that section 1.11 of the Statute on Statutes provides that '[t]he time within which any act provided by law is to be done shall be computed by *excluding* the first day and including the last' [citation]. The *sole* exception to that rule is when a criminal defendant is in custody prior to sentencing. Under that circumstance, the defendant is entitled to one day of credit for each day (or portion thereof) that he spends in custody prior to sentencing, including the day he was taken into custody." (Emphasis in original.) *Ligons*, 325 Ill. App. 3d at 759.

After considering the above cases, we find little concrete legal foundation for the split in cases. The cases that include the day of sentencing in the presentencing credit apparently follow the undisputed rule that a portion of a day spent in custody adds a day of credit by implicitly acknowledging that a defendant in custody spends a portion of the sentencing day in custody prior to sentencing. The cases excluding the day of sentencing from the credit seek to prevent a defendant from receiving double credit: one day under section 5—8—7 for the portion of the sentencing day spent in presentencing detention and one day under section 3—6—3 for the portion of the same day spent after issuance of the mittimus commences the prison sentence in the Department's legal (if not physical) custody.

We find the concern over double credit persuasive and thus hold that a defendant is not entitled to credit for the day of sentencing if the mittimus is issued effective that same day. Conversely, where the mittimus is not issued or not effective on the day of sentencing, the defendant is not yet in Department custody so that the presentencing credit under section 5—8—7 applies rather than any credit under section 3—6—3. Since defendant's mittimus issued on the day of his sentencing, he is entitled to 287 days' credit for presentencing detention.

■ Defendant also contends that two of the fines and fees assessed against him, the $100 trauma fund fine and the $5 court system fee, should be vacated. The State concedes the error, and we agree. The trauma fund fine applies only to specified firearm offenses that do not include the armed habitual criminal statute. 730 ILCS 5/5—9—1.10 (West 2006). The court system fee applies only to vehicle offenses. 55 ILCS 5/5—1101(a) (West 2006).

Accordingly, pursuant to Supreme Court Rule 615(b)(2) (134 Ill. 2d R. 615(b)(2)), the $100 trauma fund fine and the $5 court system fee are vacated. The clerk of the circuit court is directed to correct the mittimus to reflect 287 days' credit for presentencing detention. The judgment of the circuit court is affirmed in all other respects.

Affirmed in part and vacated in part; mittimus corrected.

HALL, P.J., concurs.

JUSTICE GARCIA, specially concurring:

I find no answer to whether the day of sentencing must be included in the computation of in-custody credit by the circuit court on the sentencing order in either of the sections addressed by the majority. The majority, and the cases upon which they rely, mistakenly consider

the issue raised as one of law rather than fact. As a factual question, it makes no difference which of the two approaches is followed, so long as the approach taken is clearly set out.

The solution to the difference of opinion within the appellate court lies in the clarity with which the in-custody credit is set out in the sentencing order by the circuit court. If the circuit court gives a defendant credit for the day the sentencing order is entered, the same date that the defendant is remanded to the Illinois Department of Corrections, the Department is properly informed that the sentencing date is covered by the in-custody credit given to the defendant. It falls to the Department to ensure that the good-time credit it gives, beginning with the offender's commitment, does not include the date of sentencing. See 730 ILCS 5/3—6—3(2.1) (West 2006).

Of course, if the sentencing order states that the in-custody credit does not include the date of sentencing, then once again the Department should take note. The dispute has little to do with whether the sentencing date must be included in the credit for the days spent in custody by a defendant. See 730 ILCS 5/5—4—1(e)(4) (West 2006) ("The clerk of the court shall transmit to the department, agency or institution *** the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against the sentence, which information shall be provided to the clerk by the sheriff").

Although I conclude that giving credit for any day that starts with a defendant in custody before the sentencing order is entered is the better approach as the defendant remains subject to the circuit court's authority, in the end it makes no difference. When the circuit court gives a defendant in-custody credit for the date of sentencing, this makes clear that the Department must award the defendant good-time credit for any additional days spent in the county jail after a sentencing order is entered with a stay of mittimus. See *People v. Leggans*, 140 Ill. App. 3d 268, 270-71, 488 N.E.2d 614 (1986).

The good-time credit, which decides an offender's future release date, is determined by the Department. 730 ILCS 5/3—6—3(2.1) (West 2006) ("a prisoner *** shall receive one day of good conduct credit for each day of his or her sentence"). If the sentencing order indicates that the credit for time in custody includes the date of sentencing, I am confident that the Department will factor in that credit in deciding the good-time credit to be given a defendant when "the offender is received by the Department or the institution at which the sentence is to be served." 730 ILCS 5/5—8—7(a) (West 2006).

In a case such as this where the credit for time in custody was calculated in error, we need only say the defendant is entitled to 287

days' credit in custody, which does not include the day sentence was imposed. Or, the better approach as I have indicated, we can say the defendant is entitled to 287 days' credit, which includes the day sentence was imposed. In either instance, the Department, pursuant to its rules and regulations, will either include or exclude this day's credit in calculating the good-time credit to be given to the defendant to determine his projected release date. 730 ILCS 5/3—6—3(2.1) (West 2006). The sentencing day's credit will be neither lost nor double-counted. In the end, it really makes no difference whether the credit for that day comes from the circuit court's sentencing order or from the Department's calculation of good-time credit.

If the dates covered by the credit given a defendant are clearly set out in the sentencing order, we should spend little time on sentencing credit issues in the future.