Docket No. 109361.

# IN THE
# SUPREME COURT
# OF
# THE STATE OF ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
MICHAEL WILLIAMS, Appellant.

*Opinion filed January 21, 2011.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Kilbride and Justices Freeman, Thomas, Karmeier, Burke, and Theis concurred in the judgment and opinion.

## OPINION

We are presented with the narrow question of whether the day of a defendant's commitment to the Department of Corrections should be counted by the circuit court in its calculation of presentence credit or counted by the Department as the first day of sentence. For the reasons discussed below, we affirm and hold that the date of the mittimus is the first day of sentence and a defendant should therefore not be credited with that day as presentencing credit by the circuit court.

BACKGROUND

The facts of this case are not in dispute. Following a bench trial in the circuit court of Cook County, defendant Michael Williams was convicted of being an armed habitual criminal (720 ILCS 5/24–1.7(a) (West 2006)) and sentenced to six years in the Illinois Department of Corrections. Defendant was arrested on June 14, 2007, and he remained in custody until his sentencing on March 27, 2008, on which date the mittimus in this case was issued. The mittimus reflects that the circuit court awarded defendant 248 days of presentencing credit. 730 ILCS 5/5–4.5–100(b) (West 2008)[1] (defendants "shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed"). Defendant appealed, arguing, *inter alia*, that he was entitled to 288 days' credit, a figure that included the day of sentencing. The State conceded that defendant was entitled to more than 248 days of credit, but it argued that the Department, not the circuit court, credits defendants for the day of sentencing. Thus, the State argued, defendant was entitled to 287 days of presentencing credit. The appellate court agreed, holding that the day of sentencing should not be included in the calculation of presentence credit, and it awarded defendant 287 days of credit. 394 Ill. App. 3d 480, 483. We granted defendant's petition for leave to appeal pursuant to Supreme Court Rule 315(a) (Ill. S. Ct. R. 315(a) (eff. Feb. 26, 2010)).

ANALYSIS

It is undisputed that defendant is entitled to custodial credit for every day spent in custody, including the day of his sentencing and commitment; the only question before us is the manner in which defendant is to receive credit for that day. Defendant argues that the circuit court is responsible for crediting the day when it calculates a defendant's presentencing custody credit. The State responds that legal custody of a defendant transfers to the Department when a

---

[1]Section 5–4.5–100 was enacted in 2009 as part of several amendments to the Unified Code of Corrections. Prior to the amendment, the same provisions were found in section 5–8–7, now repealed. No relevant changes were made to the language or substance of the provisions, and we will therefore refer to the current statutory scheme.

mittimus issues, and therefore it argues that the date of that mittimus is a day of sentence, not a day of presentence custody. This court has never addressed this issue, but both parties point out that the appellate court has answered it inconsistently. See, *e.g.*, *People v. Allen*, 371 Ill. App. 3d 279, 284-85 (2006) (defendant not entitled to presentencing credit for date of remand to the Department); *People v. Foreman*, 361 Ill. App. 3d 136, 157 (2005) (defendant will not be credited for the day of sentencing when he is remanded to the Department that day); *People v. Stewart*, 217 Ill. App. 3d 373, 377 (1991) (defendant not entitled to presentencing credit for the day of sentencing because custody of defendant transferred from the county jail to the Department); *People v. Leggans*, 140 Ill. App. 3d 268, 271 (1986) (defendant not entitled to presentencing credit for the day of sentencing because the Department "presumably" credited defendant for that day). But see *People v. Donnelly*, 226 Ill. App. 3d 771, 778-79 (1992) (including day of sentencing in calculation of presentencing credit); *People v. Williams*, 144 Ill. App. 3d 994, 996-97 (1986) (defendant entitled to presentencing credit for any part of day in presentencing custody, including day of sentencing). Because the question is one of statutory interpretation, our review is *de novo*. *People v. Robinson*, 172 Ill. 2d 452, 457 (1996).

This court's primary objective when construing the meaning of a statute is to ascertain and give effect to the intent of the legislature. *People v. Zaremba*, 158 Ill. 2d 36, 40 (1994). The most reliable indicator of legislative intent is the language of the statute itself. *People v. Tucker*, 167 Ill. 2d 431, 435 (1995). Where that language is clear and unambiguous, we must apply the statute without further aids of statutory construction. *People v. Bole*, 155 Ill. 2d 188, 197-98 (1993).

Section 5–4.5–100 of the Unified Code of Corrections, entitled "Calculation of Term of Imprisonment," provides in relevant part:

> "(a) COMMENCEMENT. A sentence of imprisonment shall commence on the date on which the offender is received by the Department or the institution at which the sentence is to be served.
>
> (b) CREDIT; TIME IN CUSTODY; SAME CHARGE. The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment

for time spent in custody as a result of the offense for which the sentence was imposed, at the rate specified in Section 3–6–3 (730 ILCS 5/3–6–3). Except when prohibited by subsection (d), the trial court may give credit to the defendant for time spent in home detention, or when the defendant has been confined for psychiatric or substance abuse treatment prior to judgment, if the court finds that the detention or confinement was custodial." 730 ILCS 5/5–4.5–100(a), (b) (West 2008).

Subsections (d) and (e) contain exceptions relating to certain crimes not relevant here. 730 ILCS 5/5–4.5–100(d), (e) (West 2008). Section 3–6–3 provides that, with the exception of people convicted of certain enumerated crimes, a prisoner serving a term of imprisonment shall receive one day of good conduct credit for each day of his prison sentence. 730 ILCS 5/3–6–3(West 2008). Section 5–4.5–100(b) therefore means that defendants will receive one day of good conduct credit for each day spent in presentence custody, as well as credit for each day of the sentence under section 3–6–3. Thus, as the parties have acknowledged, defendant will ultimately receive the same credit whether the day of his sentencing is counted under section 3–6–3 or section 5–4.5–100.

Defendant argues that section 5–4.5–100(b) evinces a legislative intent to entrust the calculation of presentence credit to the circuit court, rather than to the Department. He notes that the second half of subsection (b) provides that "*the trial court* may give credit to the defendant for time spent in home detention" (emphasis added), and he argues that the legislature cannot have "intended a different actor" in the first half when providing that "the offender *shall be given credit *** for time spent in custody as a result of the offense for which the sentence was imposed" (emphasis added). However, defendant's argument is misplaced. The question before us is not whether the trial court is responsible for crediting a defendant for "time spent in custody as a result of the offense for which the sentence was imposed"; the court unquestionably has that responsibility. See 730 ILCS 5/5–4–1(e) (West 2008) ("The clerk of the court shall transmit to the department, agency or institution, if any, to which the defendant is committed *** the number of days, if any, which the defendant has been in custody and for which he is entitled to credit against the

sentence"). Instead, the question is whether the date of sentencing is properly classified as "time spent in custody as a result of the offense for which the sentence was imposed" under section 5–4.5–100.

The State argues that the date of sentencing is not properly classified as a day of presentence custody subject to section 5–4.5–100, but should instead be classified as a day of sentencing subject to section 3–6–3. It relies on section 5–8–5 of the Code, which provides: "Upon rendition of judgment after pronouncement of a sentence of periodic imprisonment, imprisonment, or death, the court shall commit the offender to the custody of the sheriff or to the Department of Corrections." 730 ILCS 5/5–8–5 (West 2008). According to the State, section 5–8–5 means that a defendant comes into the legal custody of the Department upon the entry of judgment on his conviction and sentence. We agree. By directing that the court "*shall* commit the offender" (emphasis added) to custody "[u]pon rendition of judgment," section 5–8–5 creates a requirement on the court that takes effect upon entry of judgment on the defendant's conviction and sentence. See *People v. Ousley*, 235 Ill. 2d 299 (2009) ("shall" generally indicates a mandatory rather than permissive obligation). When a defendant, pursuant to his sentence, is to be committed to the Department, section 5–8–5 thus requires the court to commit the defendant to the custody of the Department at the time that the court issues the mittimus, which is the document by which the judgments of conviction and sentence are entered.

We also note that a defendant's sentence "shall commence on the date on which the offender is received by the Department." 730 ILCS 5/5–4.5–100(a) (West 2008). Because section 5–8–5 requires the court to commit the defendant to the Department at the time of the entry of judgment, section 5–4.5–100 means that the sentence commences upon the issuance of the mittimus. Under the plain language of the statute, then, we find that the date of issuance of the mittimus is a day of sentence, subject to counting under section 3–6–3. Because a defendant is entitled to have the day counted once, but only once, we hold that the date of the issuance should therefore not be counted as a day of presentence custody under section 5–4.5–100(b).

Defendant argues that our interpretation creates a conflict between section 5–4.5–100 and section 110–14(a) of the Code of Criminal

Procedure of 1963 (725 ILCS 5/110–14(a) (West 2008)). Section 110–14(a) provides:

> "(a) Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed a credit of $5 for each day so incarcerated upon application of the defendant. However, in no case shall the amount so allowed or credited exceed the amount of the fine."

Defendant asserts that "the appellate court has long held that the $5 per diem credit against fines accrues for each day during which the defendant spends part of a day in custody between his arrest and his sentencing," but we note that only one of the cases defendant cites, *People v. Leggans*, 140 Ill. App. 3d 268, 272 (1986), explicitly gives credit under section 110–14(a) for the date of sentencing. In any event, however, we have already explained that the plain language of section 5–4.5–100 of the Unified Code of Corrections compels our holding here. Section 110–14(a) is part of an entirely separate code, the Code of Criminal Procedure, and it is not at issue in this case. We therefore reject defendant's argument that section 110–14(a) requires a different result.

Finally, the State argues that including the date of sentence as a day of presentencing credit creates a risk that defendants will be credited twice for the same day. Defendant responds that the rule we adopt, requiring the Department to count the date of sentencing and commitment, creates a risk that the day will not be counted at all. In our view, however, resolving the question before us in this case prevents either extreme. Our decision should provide sufficient guidance to the lower courts to ensure that the day is counted once and only once.

CONCLUSION

For the reasons stated above, we hold that the date a defendant is sentenced and committed to the Department is to be counted as a day of sentence and not as a day of presentence credit. Thus, the judgment

of the appellate court, which corrected the mittimus to reflect 287 days of presentence custody, is affirmed.

Affirmed.