# Illinois Official Reports

## Appellate Court

---

### *People v. Legoo*, 2019 IL App (3d) 160667

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK A. LEGOO, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-16-0667 |
| Filed | May 20, 2019 |
| Decision Under Review | Appeal from the Circuit Court of La Salle County, No. 16-CM-530; the Hon. Howard C. Ryan Jr., Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | James E. Chadd, Peter A. Carusona, and Jay Wiegman, of State Appellate Defender's Office, of Ottawa, for appellant.<br><br>Karen Donnelly, State's Attorney, of Ottawa (Patrick Delfino, David J. Robinson, and Justin A. Nicolosi, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE McDADE delivered the judgment of the court, with opinion.<br>Justices O'Brien and Wright concurred in the judgment and opinion. |

¶ 1 The defendant, Patrick A. Legoo, was convicted of the misdemeanor offense of being a child sex offender in a public park (720 ILCS 5/11-9.4-1(b) (West 2016)) and was sentenced to 30 days in jail and two years of conditional discharge. On appeal, Legoo argues that he was wrongfully convicted because a different statute's exemption should be read into the statute under which he was charged. We affirm.

¶ 2 FACTS

¶ 3 On May 6, 2016, an off-duty police officer who knew of Legoo's status as a convicted child sex offender saw Legoo riding a bicycle in a park in Mendota and called the police. The Mendota police located Legoo at his apartment and questioned him about being in the park. Legoo admitted he had been in the park looking for his son.

¶ 4 Legoo's son was in the park watching a baseball game. Legoo located his son in the park and told him to come home because it was getting late. Legoo's son said he wanted to watch the rest of the game, and Legoo rode away. Legoo's fiancée was out of town, so he was the only one who could retrieve his son.

¶ 5 After a bench trial, the circuit court found Legoo guilty after noting that there were two different statutes on being a sex offender in a park—one that results in a felony and one that results in a misdemeanor. The court commented, "[a]pparently, one, you just can't be in the park. The second one, if you want to get away from the felony, you can approach, but only if it's a kid. That's ridiculous, but it's the way it is."

¶ 6 Later, Legoo was sentenced to 30 days in jail and two years of conditional discharge. Legoo appealed.

¶ 7 ANALYSIS

¶ 8 On appeal, Legoo argues that he was wrongfully convicted because a different statute's exemption should be read into the statute under which he was charged.

¶ 9 Our primary objective when considering statutory construction issues is to determine and give effect to legislative intent. *People v. Williams*, 239 Ill. 2d 503, 506 (2011). A statute's language is the most reliable indicator of legislative intent. *Id.* If statutory language is clear and unambiguous, a reviewing court must apply that language without resorting to other aids statutory construction. *Id.* Statutory construction issues are reviewed *de novo*. *Id.*

¶ 10 Legoo was charged in this case with a violation of section 11-9.4-1(b) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-9.4-1(b) (West 2016)), which provides, in relevant part, that "[i]t is unlawful for a sexual predator or a child sex offender to knowingly be present *** on real property comprising any public park." *Id.* A first-time violation of section 11-9.4-1(b) is a Class A misdemeanor, while a second or subsequent violation is a Class 4 felony. *Id.* § 11-9.4-1(d).

¶ 11 It is undisputed that Legoo was a convicted child sex offender who was present in a public park. He contends, however, that an exemption to a similar statute should be read into section 11-9.4-1(b).

¶ 12 In relevant part, section 11-9.3(a-10) of the Code (*id.* § 11-9.3(a-10)) provides that

"[i]t is unlawful for a child sex offender to knowingly be present *** on real property comprising any public park when persons under the age of 18 are present *** on the grounds and to approach, contact, or communicate with a child under 18 years of age, unless the offender is a parent or guardian of a person under 18 years of age present *** on the grounds." *Id.*

A violation of section 11-9.3(a-10) is a Class 4 felony. *Id.* § 11-9.3(f).

¶ 13 Undoubtedly, there is overlap between these two statutes, but there are also clear differences in more than just the penalty. See, *e.g.*, *People v. Pepitone*, 2018 IL 122034, ¶¶ 27-30. Section 11-9.4-1(b) borrows its definition of "child sex offender" from section 11-9.3(d), but it also specifically exempts "Romeo and Juliet" offenders from that definition, unlike section 11-9.3(d). 720 ILCS 5/11-9.4-1(a) (West 2016). Additionally, section 11-9.4-1(b) includes "sexual predators," as defined in section 2 of the Sex Offender Registration Act (730 ILCS 150/2 (West 2016)), in its list of prohibited persons. 720 ILCS 5/11-9.4-1(a), (b) (West 2016). Also, section 11-9.3(a-10) criminalizes particular conduct—being a child sex offender in a park *and* approaching, contacting, or communicating with minors, while section 11-9.4-1(b) criminalizes mere presence in public parks. Compare *id.* § 11-9.3(a-10), with *id.* § 11-9.4-1(b). While this statutory scheme may not be the cleanest means of achieving its desired end, there is no reason to read the exception from section 11-9.3(a-10) into section 11-9.4-1(b) as Legoo requests.

¶ 14 The language of section 11-9.4-1(b) is clear and does not conflict with section 11-9.3(a-10). No error occurred in the application of section 11-9.4-1(b) to the undisputed facts of this case. For the foregoing reasons, we hold that the circuit court did not err when it convicted Legoo of being a sex offender in a public park.

¶ 15                                   CONCLUSION

¶ 16 The judgment of the circuit court of La Salle County is affirmed.

¶ 17 Affirmed.