2020 IL App (1st) 180820-U

SIXTH DIVISION
October 16, 2020

No. 1-18-0820

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.14 CR 15648 |
| | ) | 14 CR 20267 |
| | ) | |
| MICHAEL GANTER, | ) | Honorable |
| | ) | Arthur F. Hill, Jr. |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CONNORS delivered the judgment of the court.
Justices Harris and Griffin concurred in the judgment.

**ORDER**

¶ 1    *Held*: The circuit court did not err when it entered an order modifying defendant's mittimus to reflect the correct number of days he spent in presentence custody.

¶ 2    Defendant appeals from the circuit court's January 30, 2018, order that modified the original mittimus issued on May 17, 2017, to reduce defendant's presentence custody credit from 1013 days to 1009 days. Defendant argues that the circuit court erred when it entered an order *nunc pro tunc* that modified the mittimus more than 30 days after judgment.

¶ 3                                         I. BACKGROUND

¶ 4      On May 17, 2017, pursuant to a negotiated plea agreement, defendant pled guilty to aggravated battery (720 ILCS 5/12-3.05(f)(1) (West 2014)) in case No. 14 CR 15648 and aggravated battery (720 ILCS 5/12-3.05(d)(5)(i) (West 2014)) in case No. 14 CR 20267, in exchange for a period of six years in prison for each count, to be served consecutively.

¶ 5      At the plea hearing, in case No. 14 CR 15648, defendant stipulated that the testimony would show that in August 2014, he attacked a store clerk at a convenience store with a claw hammer, striking him several times on the head and body. In case No. 14 CR 20267, defendant stipulated that the testimony would show that, in October 2014, following a court status date in front of Judge Gary Kull, defendant broke away from the sheriff's deputies, after which he jumped on Judge Kull and punched him several times in the face. The court found that there were sufficient factual bases to support the guilty pleas and accepted the pleas.

¶ 6      After the court accepted the pleas, defense counsel told the court that he agreed with the State's recommendation to sentence defendant to consecutive six-year prison terms for each offense. The court then asked defense counsel if he could remind the court about defendant's aggregate presentence custody credit and defense counsel told the court that defendant had 1013 days. The court told the parties that it would accept the State's recommendation and it sentenced defendant accordingly. The court stated that defendant had an aggregate credit of 1013 days. The mittimus for each case and the fines and fees order issued on May 17, 2017, showed that defendant was given 1013 days of presentence custody credit. Defendant did not file a motion to withdraw his guilty plea.

¶ 7     In August 2017, defendant filed with the trial court a *pro se* motion to correct the mittimus. Defendant argued that his two offenses occurred on different dates, August 12, 2014, and October 30, 2014, and that he was entitled to presentence custody credit for the time served in each individual case because he received consecutive sentences. He asserted he served 1005 days in case No. 14 CR 15648 and 927 days in case No. 14 CR 20267 and that, therefore, he should be given a total credit of 1932 days. On September 21, 2017, the circuit court entered a written order denying defendant's motion and noting that defendant was not present in court. The record does not contain a transcript for the court proceeding on that date. On November 7, 2017, defendant filed a notice of appeal from the trial court's denial of his *pro se* motion to correct the mittimus. On November 17, 2017, the clerk of the circuit court of Cook County entered an order stating that defendant's notice of appeal was filed late.

¶ 8     On December 8, 2017, defendant filed a motion entitled, "Motion For Order Nunc Pro Tunc" in each of his cases. In the motions, he asserted that the court failed to correctly reflect the time he spent in presentence custody and that he was entitled to credit for the time he served for each offense because the offenses occurred on different dates. He asserted that in case No. 14 CR 15648, he was arrested on August 12, 2014, convicted on May 17, 2017, and entitled to 1005 days of presentence custody credit. He asserted that in case No. 14 CR 20267, the offense occurred on October 30, 2014, he was convicted on May 17, 2017, and entitled to 927 days of presentence custody credit. He argued the court should give him a total amount of 1932 days of presentence custody credit for his consecutive sentences and requested an order *nunc pro tunc* to correct the mittimus. He also argued his counsel was ineffective for incorrectly calculating his credit.

¶ 9    On January 30, 2018, the date the motions were before the court, neither the State nor defendant were present in court. The court explained that defendant had argued in his motions that because he received consecutive sentences, he should get "separate, double credit, on the two cases" and that he requested the court count the days he was in custody for both cases as two separate credits. The court stated that "[n]obody gets double credit, ever" and that defendant "only gets the credit that he actually accrued." The court stated that it recounted the days defendant had spent in presentence custody and determined that it was 1009 days. The court requested the clerk "re-do the mittimus to make it very clear that on the two cases that the mittimuses are modified to reflect one thousand nine days of aggregate credit, *nunc pro tunc*, to May 17, 2017."

¶ 10    The court entered a written order on January 30, 2018, stating that defendant was first arrested in case No. 14 CR 15648 on August 12, 2014, and that he was sentenced on May 17, 2017. The order stated that there were 1009 days from the date of arrest to the sentencing date and that the "mittimus is modified to reflect 1009 days aggregate credit nunc pro tunc [*sic*] to 5-17-17." Defendant now appeals the trial court's January 30, 2018, order.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, defendant contends that the trial court erred when it entered the January 30, 2018, order *nunc pro tunc* that corrected the mittimus and modified defendant's presentence custody credit from 1013 to 1009 days. He argues that the court entered the January 30, 2018, order more than 30 days after the original May 17, 2017, judgment. He claims that defendant's "motion does not give jurisdiction where there is no jurisdiction." Defendant generally asserts that a court may modify its judgment *nunc pro tunc* at any time to correct clerical errors so that the order conforms to the judgment actually rendered by the court. He then claims that the original

mittimus did not contain a clerical error or mistake, that the record reflects that the court ordered 1013 days of presentence custody credit, and that the court improperly removed four days of credit. He requests that this court restore those four days.

¶ 13     The State responds that under Illinois Supreme Court Rule 472 (eff. May 19, 2019), the circuit court had jurisdiction to consider defendant's motions and to correct the sentencing order because defendant asserted errors in the calculation of his presentence custody credit. The State argues that the court correctly determined that defendant was entitled to 1009 days of presentence credit and that it properly corrected the mittimus. Defendant did not file a reply brief.

¶ 14     Generally, absent a timely postjudgment motion, a circuit court loses jurisdiction 30 days after it enters a final judgment. *People v. Bailey*, 2014 IL 115459, ¶ 14. However, under Illinois Supreme Court Rule 472 (eff. May 19, 2019), the circuit court retains jurisdiction to correct sentencing errors, including, as relevant here, "[e]rrors in calculation of presentence custody credit." Ill. S. Ct. R. 472(a)(3) (eff. May 19, 2019). The rule provides that the court retains jurisdiction to correct these sentencing errors "at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party." Ill. S. Ct. R. 472(a)(3) (eff. May 19, 2019).

¶ 15     Here, the circuit court's January 30, 2018 order, was entered more than 30 days after it entered its May 17, 2017, judgment. However, the order corrected the mittimus to reflect the number of days that defendant actually spent in presentence custody. Thus, even though the order was entered 30 days after the judgment was issued, under Rule 472, the circuit court had jurisdiction because it was correcting errors in the calculation of defendant's presentence custody

credit. We therefore disagree with defendant's assertion that the circuit court did not have jurisdiction.

¶ 16     Further, the court properly determined that defendant had 1009 days of presentence custody credit. A defendant is entitled to receive custody credit for the number of days he spent in presentence custody. 730 ILCS 5/5-4.5-100(b) (West 2016); *People v. Williams*, 239 Ill. 2d 503, 505 (2011). The date a defendant is sentenced does not count as a day of presentence custody credit, as the date of sentencing is counted as a day of the sentence. *Williams*, 239 Ill. 2d at 510.

¶ 17     During the sentencing portion of defendant's plea hearing, defense counsel informed the court that defendant had served 1013 days in presentence custody. Relying on defense counsel's statement and calculation of defendant's presentence custody credit, the court stated that defendant would receive 1013 days of credit. After defendant filed the motions in December 2017 in which he argued that the court failed to correctly reflect the time he spent in presentence custody, the circuit court recounted the number of days he spent in presentence custody credit and concluded that the correct number of days was 1009. The record shows, and the court noted in its written order, that defendant was first arrested for aggravated battery in case No. 14 CR 15648 on August 12, 2014, and sentenced on May 17, 2017. From our review of these dates, we agree with the circuit court's calculation.

¶ 18     We note that defendant argued in his motions in the circuit court that he was entitled to credit for the time served in each case because his offenses occurred on different dates and he received consecutive sentences. Following defendant's arrest on August 14, 2014, in case No. 14 CR 15648, defendant was subsequently charged on October 30, 2014, with aggravated battery in case No. 14 CR 20267, and then sentenced in both cases on May 17, 2017, to consecutive

sentences. However, consecutive sentences are treated as single term of imprisonment and when a defendant is in custody for more than one offense at the same time and then receives consecutive sentences, as here, the defendant "should be given credit only once for actual days served." *People v. Latona,* 184 Ill. 2d 260, 271 (1998). Accordingly, the trial court properly determined that defendant's presentence custody credit was 1009 days.

¶ 19    Defendant asserts that the "State and counsel for [defendant] presented to the court 1013 days of aggregate credit for consideration" and "the court considered the recommendation and entered an order consistent with the negotiated pleas on May 17, 2017." To the extent defendant argues that 1013 days of credit was part of defendant's negotiated plea deal, we cannot find that the record supports defendant's assertion. From our review, the record shows that defendant's plea deal included six years in prison for each offense, to be served consecutively, and that he would be given the appropriate credit for the time he spent in presentence custody. As previously discussed, at the plea hearing, when the circuit court sentenced defendant and ordered that he be given 1013 days of credit, the court relied on defense counsel's statement and calculation that defendant had served 1013 days in presentence custody. On January 30, 2018, the circuit court recalculated the credit and correctly found that defendant had served 1009 days in presentence custody.

¶ 20    Lastly, defendant asserts that defendant was not present in court when the trial court issued its January 30, 2018, order correcting the mittimus and that, "[a]t the very least [defendant] should have been present and appointed counsel prior to the court's adverse ruling." Defendant does not cite any case law or any further argument to support this assertion. Under Illinois Supreme Court Rule 341(h)(7) (eff. May 25, 2018), defendant, as the appellant, must "present reasoned argument

and citation to legal authority" in support of his claim of error. *McCann v. Dart*, 2015 IL App (1st), ¶ 15 (citing Ill. S. Ct. R. 341(h)(7)). The failure to cite relevant and persuasive authority or assert well-reasoned arguments supported by legal authority violates the rule. *Sakellariadis v. Campbell*, 391 Ill. App. 3d 795, 804 (2009). An issue that is not clearly defined and sufficiently presented is forfeited, as it does not satisfy Rule 341(h)(7). *Atlas v. Mayer Hoffman McCann, P.C.,* 2019 IL App (1st) 180939, ¶ 33. Thus, because he filed to cited any legal authority to support his claim, defendant forfeited his assertion that he "should have been presented and appointed counsel" before the court issued its January 30, 2018, order correcting the mittimus.

¶ 21                                    III. CONCLUSION

¶ 22    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 23    Affirmed.