NOTICE

Decision filed 10/15/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 180531-U

NO. 5-18-0531

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Perry County. |
| | ) | |
| v. | ) | No. 16-CF-129 |
| | ) | |
| CHAD R. BENNETT II, | ) | Honorable |
| | ) | Dennis B. Doyle, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE WHARTON delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court did not err in dismissing the defendant's untimely motion to reduce sentence or in denying his motion for order *nunc pro tunc*, and since any argument to the contrary would lack merit, the defendant's appointed counsel on appeal is granted leave to withdraw, and the judgment of conviction is affirmed.

¶ 2    The defendant, Chad R. Bennett II, pleaded guilty to home invasion and, after a hearing in aggravation and mitigation, was sentenced to imprisonment for 20 years. He now appeals from the judgment of conviction. The defendant's court-appointed attorney on appeal, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit, and on that basis OSAD has filed with this court a motion to withdraw as counsel, along with a brief in support thereof. See *Anders v. California*, 386 U.S. 738 (1967). OSAD provided the defendant with a copy of its *Anders* motion and brief. This court provided the defendant with ample opportunity to file a

1

*pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw or why this appeal has substantial merit, but the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Anders* motion and brief, as well as the entire record on appeal. For the reasons that follow, this court has concluded that the instant appeal does indeed lack merit. Accordingly, this court must grant OSAD's *Anders* motion to withdraw as counsel, and must affirm the judgment of conviction.

¶ 3                                             BACKGROUND

¶ 4     In September 2016, the defendant was charged by information with five felony counts, *viz.*: four counts of first degree murder—felony-murder, intentional murder, knowing murder, and strong-probability murder—and one count of concealment of a homicidal death. All five counts concerned the death of Sidnee Stephens. All five were brought under a theory of accountability. Stephens was murdered, and her dead body was found, in July 2010.

¶ 5     On March 13, 2018, the State, the defendant, and defense counsel appeared before the circuit court. The State announced, and defense counsel confirmed, that the State would file an amended information charging the defendant with home invasion, and the defendant would waive the statute of limitations applicable to that offense. The amended information charged the defendant with home invasion (720 ILCS 5/19-6(a)(1) (West 2016)), a Class X felony (*id.* § 19-6(c)). It alleged that on July 18 or 19, 2010, the defendant, or one for whose actions he was accountable, knowingly entered the dwelling place of Sidnee Stephens, knowing Stephens was present, and while armed with a deadly weapon, used force or the threat of force on Stephens. The defendant's signed "statute of limitation

2

waiver" stated that "said waiver is in anticipation of a partially negotiated plea." The State announced, and defense counsel confirmed, that a plea agreement had been reached, under which the defendant would plead guilty to the just-filed charge of home invasion, a sentencing hearing would be held at a later date, and all five counts in the original information would be dismissed.

¶ 6    Addressing the defendant personally, the court admonished him as to the nature of the home-invasion charge and the possible penalties, and he indicated his understanding. The court reviewed the terms of the plea agreement and stated that the three-year statute of limitations for home-invasion precluded the State from filing the charge, unless the defendant waived the statute, and the defendant indicated his understanding. The defendant indicated that he did not have any questions about the statute of limitations, and he acknowledged that he had signed the statute-of-limitations waiver. The court admonished the defendant that he did not have to plead guilty, that he had a right to a trial, whether by judge or jury, that the State had the burden of proof, and that he had a right to cross-examine the State's witnesses and to subpoena witnesses of his own, and the defendant indicated his understanding. The defendant indicated that nobody had threatened him, coerced him, or promised him anything, aside from the plea agreement, in order to persuade him to plead guilty. Finally, the defendant denied being under the influence of drugs or alcohol. The State provided a factual basis, and the defendant and defense counsel agreed that the State would present such evidence at trial.

¶ 7    The court found a factual basis for the plea and found the plea voluntary. The defendant pleaded guilty to home invasion, and the court again found that the plea was

voluntary. The court accepted the plea on home invasion and dismissed the five original counts. The probation department was ordered to prepare a presentence investigation report (PSI), and a sentencing hearing was to be scheduled.

¶ 8     On July 20, 2018, the court held a hearing in aggravation and mitigation. In regard to the PSI, the State drew attention to the absence of information regarding the defendant's presentence credit, and the judge stated that he and the parties would need to determine whether they could agree on the number of days served to date. The defense did not have any additions, corrections, or deletions to the PSI. The court heard testimony from witnesses, victim-impact statements, and the defendant's statement in allocution. The State suggested that the defendant should receive credit for 659 days of incarceration—from September 30, 2016, to the date of sentencing. Defense counsel said that he did not have reason to dispute the figure but wanted to consider it. The judge said that if he did not hear anything further from defense counsel, he would give the defendant 659 days of credit, and defense counsel agreed. The court then pronounced sentence on the defendant— imprisonment for 20 years and mandatory supervised release (MSR) for 3 years.

¶ 9     Finally, the court admonished the defendant as to Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). The court advised the defendant that he had a right to appeal; that prior to taking an appeal he would have to file in the circuit court, within 30 days, a written motion asking the court to reconsider the sentence or to have the judgment vacated and for leave to withdraw the guilty plea, setting forth the grounds for the motion; that if the motion were allowed, the sentence would be modified, or the guilty plea, sentence, and judgment would be vacated, and a trial date would be set on the charge to which the guilty

4

plea was made; that if he were indigent, a copy of the transcript of the guilty-plea and sentencing proceedings would be provided without cost, and counsel would be appointed to assist the defendant with preparing the motions; and that in any appeal taken from the judgment on the guilty plea, any issue or claim of error not raised in the motion to reconsider sentence or to vacate the judgment and withdraw the guilty plea would be deemed waived. The court asked the defendant, "Do you understand those rights on appeal?" The defendant answered, "Yes, your Honor." (The court did not advise the defendant that upon the request of the State, any charges that may have been dismissed as part of the plea agreement would be reinstated and also set for trial. Apparently, the court thought that no charges were dismissed as part of the plea agreement—"well, there was nothing dismissed as part of the plea agreement," the court said—while, in fact, all five of the charges in the original information were dismissed.)

¶ 10    Also on July 20, 2018, the court signed a written judgment reflecting the defendant's sentence of imprisonment for 20 years and MSR for 3 years. The judgment specified that the defendant was to receive sentence credit for 659 days of presentencing incarceration —from September 30, 2016, to the date of sentencing.

¶ 11    On September 11, 2018, the defendant placed into the prison mail system of Lawrence Correctional Center (1) a motion to reduce sentence, wherein he stated that evidence in mitigation was not considered, and (2) a motion for order *nunc pro tunc* to correct the mittimus so as to reflect sentence credit for 661 days of incarceration, "from September 30, 2016, to July 23, 2018." On September 28, 2018, the circuit clerk file-stamped the two documents. On October 18, 2018, in a brief written order, the court

5

dismissed the motion to reduce sentence as untimely and denied the motion for an order *nunc pro tunc*. The court noted that the defendant "stipulated at sentencing that he was entitled to 659 days time served."

¶ 12   On November 1, 2018, the defendant filed a notice of appeal from the judgment of conviction. The circuit court appointed OSAD to represent the defendant on appeal.

¶ 13                                  ANALYSIS

¶ 14   As previously noted, OSAD has concluded that this appeal lacks arguable merit, and on that basis has filed an *Anders* motion to withdraw as counsel for the defendant, along with a supporting brief. In its brief, OSAD address three potential issues on appeal, *viz.*: (1) whether the circuit court erred in denying the defendant's motion for order *nunc pro tunc*, (2) whether the circuit court erred in denying the defendant's motion to reconsider sentence, and (3) whether an exception to Illinois Supreme Court Rule 604(d) appertains to the defendant, allowing him to file his motion to reconsider sentence beyond the usual 30-day deadline. None of these potential issues has any merit. In addition, this court's examination of the record has not yielded any issue of merit.

¶ 15   This court addresses OSAD's second and third potential issues first. The defendant's sentence was imposed on July 20, 2018. Under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017), the defendant had 30 days from that date in which to file his motion to reduce sentence. Where the defendant is imprisoned, the date he deposits his motion in the prison mail system is the date he files the motion. *People v. Easley*, 199 Ill. App. 3d 179, 183 (1990). The defendant did not place his sentence-reduction motion into the prison mail system until September 11, 2018, three weeks after the 30 days had expired.

6

By filing his motion late, he lost his right to appeal. See *People v. Flowers*, 208 Ill. 2d 291 300-01 (2003) ("The filing of a Rule 604(d) motion is a condition precedent to an appeal from a judgment on a plea of guilty."). This court is not thereby deprived of jurisdiction, but in general, "the failure to file a timely Rule 604(d) motion precludes the appellate court from considering the appeal on the merits." *Id.* at 301. Where the defendant fails to file a timely Rule 604(d) motion, the appellate court must dismiss the appeal, which leaves the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2020)) as the defendant's sole recourse. *Id.*

¶ 16    There is one exception to Rule 604(d)'s requirement that a defendant must file his motion to reduce sentence within 30 days of his sentencing or lose his right to appeal—where the circuit court, at sentencing, failed to advise the defendant of his rights under Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). "Rule 605(b) provides the admonitions the trial judge must give a defendant when imposing sentence on a defendant who pleaded guilty. Rule 605(b) complements Rule 604(d) and serves as a corollary to the requirements of Rule 604(d)." *People v. Jamison*, 181 Ill. 2d 24, 27 (1998). Specifically, Rule 605(b) requires the circuit court to admonish the defendant that he has a right to appeal and that prior to taking an appeal he must file his postplea motions within 30 days of sentencing, and it requires the court to inform the defendant of the specific benefit and consequences that flow from the granting of the motions, the possibility of appointed counsel to help with the motions, and the need to include all issues or claims of error in the motions or to have them deemed waived on appeal. Substantial compliance with Rule 605(b) is all that is needed, and "[s]o long as the court's admonitions were sufficient to

7

impart to a defendant the essence or substance of the rule, the court has substantially complied with the rule." *People v. Dominguez*, 2012 IL 111336, ¶ 22.

¶ 17 Here, the circuit court substantially complied with Rule 605(b), as this court's summary of that court's admonishments makes clear. The court's postsentencing admonitions put the defendant on notice of what he needed to do in order to preserve his right to appeal, that is, what he needed to file, what it needed to include, etc. Since the defendant was properly admonished as to Rule 605(b), there is no exception to Rule 604(d)'s 30-day requirement. This court will not consider the merits of the appeal from the dismissal of the defendant's motion to reduce sentence.

¶ 18 As for the defendant's first potential issue on appeal, *i.e.*, the issue of whether the circuit court erred in denying the defendant's motion for order *nunc pro tunc*, it has no merit. The defendant's motion for an order *nunc pro tunc* was misguided from the start. The defendant claimed in his motion that he was entitled to presentence-incarceration credit of 661 days, "from September 30, 2016, to July 23, 2018." It is true that the defendant was taken into custody on September 30, 2016, as the parties and the court acknowledged. However, the defendant was not sentenced on July 23, 2018; he was sentenced on July 20, 2018. Presentencing incarceration from September 30, 2016, to July 20, 2018, amounts to 659 days, which is exactly the amount of presentence-incarceration credit that the defendant received.[1]

---

[1]Actually, the defendant should have received presentence credit for 658 days, not 659 days, since the date of sentencing—July 20, 2018—should not have been included in the calculation of presentence credit. "[T]he date a defendant is sentenced and committed to the Department [of Corrections] is to be

8

¶ 19                              CONCLUSION

¶ 20    For the reasons stated above, there was no error in the circuit court's dismissal of

the defendant's untimely motion to reduce sentence, or in its denial of the motion for order

*nunc pro tunc*. Any argument to the contrary would lack merit. Therefore, OSAD is granted

leave to withdraw as counsel, and the judgment of conviction is affirmed.


¶ 21    Motion granted; judgment affirmed.

---

counted as a day of sentence and not as a day of presentence credit." *People v. Williams*, 239 Ill. 2d 503, 510 (2011).