2024 IL App (1st) 221609-U

No. 1-22-1609

Filed April 25, 2024

Fourth Division

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 11676 |
| | ) | |
| RAYMUNDO VALENCIA-FIGUEROA, | ) | Honorable |
| | ) | Marc W. Martin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MARTIN delivered the judgment of the court.
Justices Hoffman and Ocasio concurred in the judgment.

**ORDER**

¶ 1     *Held*: Defendant's motion seeking additional presentence custody credit barred by *res judicata* when same request was previously denied, and defendant failed to perfect an appeal.

¶ 2     Raymundo Valencia-Figueroa appeals from the circuit court's denial of his *pro se* "Motion for Jail Time Credit" filed September 15, 2022. In his motion, Figueroa claimed that he is entitled to additional presentence custody credit for time he spent in custody in Lake County charged with

an offense related to the Cook County offense for which he was sentenced in this case.[1] The circuit court denied Figueroa's motion as barred by *res judicata*, finding that Figueroa had previously requested the same presentence credit. On appeal, Figueroa argues that he is entitled to the additional 222 days of presentence custody credit under section 5-4.5-100(c) of the Unified Code of Corrections (730 ILCS 5/5-4.5-100(c) (West 2018)). The State contends that both the circuit court and this court lack jurisdiction to consider the matter because either (1) Figueroa failed to follow necessary procedures to perfect an appeal of the denial of his initial request for the additional credit or (2) Figueroa's later motion did not constitute a motion to correct an error in the calculation of presentence custody credit under Illinois Supreme Court Rule 472 (eff. Feb. 1, 2024). We find that we have jurisdiction to consider this appeal and that the circuit court properly denied Figueroa's motion.[2]

¶ 3                                    I. BACKGROUND

¶ 4            Officers of the Gurnee Police Department arrested Figueroa on January 5, 2018, and Figueroa was charged in the Lake County Circuit Court with grooming a 12-year-old child. Bond was set at $1,000,000. Unable to post bond, Figueroa remained in the Lake County jail. In June 2018, the Gurnee Police Department notified the Cook County State's Attorney's Office and the Palatine Police Department that, while investigating the grooming charge, they discovered evidence that Figueroa had taken the victim to a motel in Palatine, Illinois and sexually assaulted her. The Palatine Police Department began investigating. A Cook County Grand Jury indicted Figueroa for predatory criminal sexual assault of a child and other related offenses on August 15,

---

[1]The motion requested 223 days of credit for January 5, 2018, through August 15, 2028. As we will explain, Figueroa already received credit for August 15, 2018, so 222 days would be the accurate figure for the relevant time period.

[2]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

2018. Palatine officers arrested Figueroa at the Lake County jail that same day and he appeared before the Cook County Circuit Court the next day.

¶ 5 Figueroa, through counsel, filed a motion to dismiss the Cook County case. He argued that the eight month delay between his January Lake County arrest and the subsequent August charges brought in Cook County violated his rights to due process and a speedy trial. He contended that Lake County authorities possessed sufficient information to notify their counterparts in Cook County much sooner and, since both represent the People of the State of Illinois, their combined conduct amounted to an unreasonable and prejudicial delay. Following a hearing, the court denied the motion to dismiss, reasoning that the police departments and prosecutors in Lake County and Cook County were separate entities and that one agency's knowledge cannot be imputed to the other. The court further found: (1) Figueroa failed to show he was substantially prejudiced by the claimed delay and (2) the time to bring Figueroa to trial on the Cook County charges began when he was charged and arrested on August 15, 2018.

¶ 6 After the motion to dismiss was denied, Figueroa requested a conference under Illinois Supreme Court Rule 402 (eff. July 1, 2012) on February 4, 2019. Figueroa then indicated that he wished to accept the plea agreement reached in the Rule 402 conference. The court addressed Figueroa directly through a Spanish interpreter as follows:

"I told both sides if you wish to plead guilty to Count number 1 which is a Class X felony, punishment is 6 to 60 years in the Illinois Department of Corrections, that I would sentence you to 12 years in the Illinois Department of Corrections at 85 percent which means you have to do 85 percent of that time. You would also have to serve 3 years to life of mandatory supervised release when you get out. There would also be lifetime sex registration as a sex

offender. You would receive credit for 173 days and you'd have to pay fines, fees, and costs. Is that your understanding of the agreement?

THE DEFENDANT: Yes, sir."

Figueroa proceeded to plead guilty to predatory criminal sexual assault of a child and the court sentenced him in accordance with the negotiated 12-year plea agreement, including a credit for 173 days in presentence custody. The State dismissed the six remaining counts of the indictment.

¶ 7        Figueroa filed a *pro se* motion to withdraw his guilty plea and vacate the sentence on March 12, 2019. The motion claimed Figueroa's trial counsel was ineffective for recommending that Figueroa accept the plea bargain and that Figueroa's mental state was "not right" at the time of the plea because he lacked his anxiety medication. Figueroa also reiterated the due process argument of his motion to dismiss.

¶ 8        While the motion to withdraw guilty plea was pending, Figueroa entered a guilty plea to one count of child pornography in the Lake County case on March 25, 2019. He was sentenced to a prison term of 12 years, to be served concurrently with his sentence in the Cook County case. In the Lake County case, Figueroa received credit for 444 days of presentence custody.

¶ 9        Figueroa appeared before the Cook County Circuit Court on October 25, 2019. His counsel moved to withdraw Figueroa's *pro se* motion to withdraw his guilty plea. The court addressed Figueroa directly and Figueroa indicated that he did not wish to go forward with his motion to withdraw his plea. Figueroa's counsel then requested that the court grant Figueroa an additional 395 days[3] of presentence custody credit since he had been in custody in Lake County on

_____

[3]Counsel likely meant a total of 395 days, which represents the period from defendant's arrest on January 5, 2019, to the sentencing date in this case, February 4, 2019. With 173 days already credited, this would amount to an additional 222 days.

"connected" charges and "Palatine chose not to bring him in for two months." The court continued the matter and subsequently denied the request on October 28, 2019.[4]

¶ 10       Figueroa filed a *pro se* "Late Notice of Appeal" on August 7, 2020, indicating that he sought to appeal the "withdr[awal] of the motion to withdraw guilty plea and vacate sentence" from October 25, 2019. The notice went on to assert grounds for relief that essentially echoed his *pro se* motion to withdraw guilty plea.

¶ 11       Figueroa filed a second *pro se* Late Notice of Appeal on August 19, 2020, indicating that he sought to appeal the denial of his motion for additional presentence custody credit on October 28, 2019. The circuit court entered a single order denying Figueroa's late notice of appeal. Nothing in the record indicates whether the denial pertained to Figueroa's August 7 or August 19 notice, or both.

¶ 12       Figueroa filed an identical copy of his August 19 late notice of appeal in this court on September 8, 2020. We characterized the pleading as a motion for leave to file a late notice of appeal. Since the motion was not mailed within the time permitted by rule for this court to grant a late notice of appeal, the motion was denied for lack of jurisdiction and without prejudice to filing a motion for a supervisory order in the Illinois Supreme Court. *People v. Valencia-Figueroa*, No. 1-20-0944 (unpublished order filed Sep. 9, 2020).

¶ 13       Thereafter, Figueroa filed a *pro se* notice of appeal in the circuit court on November 10, 2020, indicating he was seeking additional time credit. In a subsequent written entry, the circuit court stated the matter was not properly before it.

---

[4]The record does not contain a transcript for October 28, 2019. A written entry from that date indicates that Figueroa was not present in court and no additional sentencing credit would be allowed.

¶ 14 Months later, Figueroa filed a *pro se* "Motion for Order Nunc Pro Tunc" on July 21, 2021. The motion asserted that Figueroa was entitled to 255 days[5] of presentence custody credit "including time spent in Lake County." The motion requested the court to issue a corrected mittimus with credit for 255 days spent in the Lake County jail. The circuit court denied the motion on July 30, 2021. Figueroa filed a notice of appeal from that order on August 23, 2021. Upon motion from the State Appellate Defender, this court dismissed the appeal as duplicative of Figueroa's appeal of the denial of a separate postconviction matter. *People v. Valencia-Figueroa*, No. 1-21-1031 (unpublished order filed Mar. 17, 2022).

¶ 15 More than a year later, Figueroa filed the instant *pro se* "Motion for Jail Time Credit," again requesting sentencing credit for the time he was in custody in Lake County before he was charged in Cook County. The circuit court denied the motion on September 23, 2022, finding that Figueroa had previously raised the issue "in various forms" and was barred by *res judicata* from relitigating it. Figueroa filed a notice of appeal from that order on October 19, 2022.

¶ 16                                    II. ANALYSIS

¶ 17 On appeal, Figueroa contends that he is entitled to additional presentence custody credit pursuant to section 5-4.5-100(c), which provides:

> "An offender arrested on one charge and prosecuted on another charge for conduct that occurred prior to his or her arrest shall be given credit on the determinate sentence or maximum term and the minimum term of imprisonment for time spent in custody under the former charge not credited against another sentence." 730 ILCS 5/5-4.5-100(c) (West 2022).

---

[5]The basis for this number was unclear.

Figueroa submits that although he received 12-year sentences in both his Cook County and Lake County cases, the sentence in this case determines how much time he will be incarcerated since he must serve 85% of the term and only 50% in the Lake County case. That custodial period between his Lake County arrests in January 2018 and his Cook County arrest in August 2018 was only credited against his Lake County case, which he will complete sooner than his Cook County sentence. The overall practical effect, Figueroa argues, is that he receives no credit for the 222 days he spent in custody from January 5 to August 15, 2018. He contends that section 5-4.5-100(c) requires that these days be credited to his sentence in this case since he was prosecuted for conduct that occurred prior to his arrest in the Lake County case. *Id.*

¶ 18     We first examine the State's arguments that we lack jurisdiction to consider this appeal. The State points out that Figueroa initially raised the issue of presentence custody credit at the October 25, 2019, hearing where he withdrew his motion to withdraw his guilty plea. His late notice of appeal was denied by this court in an order informing him that he could seek a supervisory order from the supreme court to allow his appeal. He failed to seek a supervisory order and instead filed a new motion in September 2022, seeking the same relief in the circuit court. The State contends that Figueroa's notice of appeal from the denial of his September 2022 motion is an improper attempt to circumvent the jurisdictional barrier to his earlier filed late notice of appeal.

¶ 19     Alternatively, the State argues that jurisdiction is lacking because the September 2022 motion was not cognizable under Rule 472, which provides that the circuit court retains jurisdiction to correct errors in the calculation of presentence custody credit or clerical error in the sentencing order after 30 days following its entry. See Ill. S. Ct. R. 472(a)(3), (4) (eff. Feb. 1, 2024). The State submits that the substance of Figueroa's claim is not that his presentence custody credit was miscalculated or that a clerical error was made in his sentencing order. Rather, Figueroa claims

that he is statutorily entitled to additional credit under section 5-4.5-100, which the circuit court improperly denied him. Thus, in the State's view, Figueroa's claim differs from the issues contemplated in Rule 472, and the rule does not confer jurisdiction on the circuit court to consider such his claim. As a result, neither the circuit court nor this court have jurisdiction to consider the matter.

¶ 20      We take guidance from a recent decision of our supreme court in *People v. Wells*, 2024 IL 129402. In *Wells*, the defendant entered a fully negotiated guilty plea to unlawful possession of cannabis with intent to deliver. *Id*. ¶ 6. The defendant agreed to a six-year prison term with credit for 54 days already served in custody and the court imposed that sentence. *Id*. ¶¶ 7-8. About five months later, the defendant filed a "Motion for Order Nunc Pro Tunc" requesting the trial court to amend his mittimus to reflect credit for time he spent on "GPS Monitoring" before he entered his guilty plea. *Id*. ¶ 9. The motion was denied. *Id*.

¶ 21      On review before the supreme court, the State argued that Wells had forfeited his claim because he did not invoke Rule 472. *Id*. ¶ 16. The court rejected that argument, observing that "Wells's motion asked the trial court to correct his mittimus to reflect credit that he believed he was entitled to." *Id*. Thus, the court concluded that "[t]he substance of Wells's motion is consistent with the remedy available in Rule 472" and the claim was not forfeited, even if Wells failed to explicitly cite the rule. *Id*.

¶ 22      While the State's procedural argument in *Wells* was asserted as forfeiture, the State's second jurisdictional argument here is similar since it asserts that Figueroa's claim does not fall within the purview of Rule 472. We observe, like the supreme court in *Wells*, that the substance of Figueroa's motion was a request to correct the mittimus to reflect credit he believes he is entitled to. Similar to the defendant in *Wells*, Figueroa's claim is premised on section 5-4.5-100. *Id*. ¶ 18.

Accordingly, Figueroa's motion was consistent with the remedy available in Rule 472 and the rule conferred jurisdiction on the circuit court to consider it.

¶ 23   We also disagree with the State's first argument. While Figueroa's September 2022 motion may be viewed as an attempt to circumvent the jurisdictional barrier resulting from his prior failure to perfect an appeal from the denial of his initial credit request, we know of no authority supporting that such circumstances deprive the courts of jurisdiction. Nor does the State cite any. Thus, we do not find that Figueroa's failure to seek an advisory order from the supreme court affects our jurisdiction in this appeal.

¶ 24   The fact that Figueroa previously made a request for additional credit for the time he spent in custody in Lake County before he was charged in Cook County, however, does have a consequence. "The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction acts as an absolute bar to a subsequent action between the same parties or their privies involving the same claim, demand, or cause of action." *Wilson v. Edward Hospital*, 2012 IL 112898, ¶ 9. A ruling on a matter covered by Rule 472 is final and appealable. Ill. S. Ct. R. 472(b). Thus, the circuit court's October 28, 2019, order denying Figueroa's request for additional sentencing credit was a final judgment on the merits. *Res judicata* bars Figueroa from repeated requests seeking the same relief. Figueroa's September 2022 motion was such a repeated request. The circuit court properly found it to be barred by *res judicata*.

¶ 25   Even if Figueroa's motion were not barred, we would find it lacks merit. *Wells* is also instructive that a defendant who entered a fully negotiated guilty plea agreement cannot seek to unilaterally modify its terms. *Wells*, 2024 IL 129402, ¶ 24. In *Wells*, the record of the guilty plea hearing demonstrated that "the parties intended for Wells to receive exactly 54 days of credit because that was a clear and unambiguous term of the agreement." *Id*. Similarly, here, the record

shows the parties unambiguously intended Figueroa to receive exactly 173 days of credit. To be sure, the number was a deliberate calculation. The period from Figueroa's arrest on Cook County charges—August 15, 2018—to his sentencing upon his guilty plea—February 4, 2019—is 173 days.[6] The number of days Figueroa would be credited was made explicit when the court addressed Figueroa directly regarding his understanding of the terms of the plea agreement, which Figueroa acknowledged. Figueroa accepted that he would not receive credit in this case for time spent in custody in Lake County before he was arrested on Cook County charges. Ultimately, Figueroa is bound by the terms of his plea agreement and is not entitled to additional credit not included in the agreement.

¶ 26                                    III. CONCLUSION

¶ 27            For these reasons, we affirm the judgment of the circuit court.

¶ 28            Affirmed.

---

[6]When a prison term is imposed, the day of sentencing is considered the first day of the term and is not included in presentence custody credit. *People v. Williams*, 239 Ill. 2d 503, 509 (2011).