NOTICE
Decision filed 11/14/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231157-U

NO. 5-23-1157

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Christian County. |
| | ) | |
| v. | ) | No. 19-CF-47 |
| | ) | |
| QUINTON L. MORRISSEY, | ) | Honorable |
| | ) | Bradley T. Paisley, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE SHOLAR delivered the judgment of the court.
Justices Boie and McHaney concurred in the judgment.

**ORDER**

¶ 1    *Held*: Where the circuit court had awarded the defendant the correct amount of presentence custody credit against his aggregate prison sentence, it properly denied the defendant's *pro se* motion to correct errors in the calculation of presentence custody credit, and since no argument to the contrary would have any merit, the defendant's appointed appellate counsel is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 2    The defendant, Quinton L. Morrissey, appeals from the circuit court's order denying his *pro se* motion to correct an error in the presentence custody credit awarded to him. See Ill. S. Ct. R. 472(a)(3) (eff. May 17, 2019) (a court retains jurisdiction to correct, at any time, errors in the calculation of presentence custody credit). The defendant's appointed attorney in this appeal, the Office of the State Appellate Defender (OSAD), has concluded that the defendant is not entitled to that credit, and that this appeal therefore lacks merit. On that basis, OSAD has filed a motion to

1

withdraw as counsel, along with a memorandum of law in support of the motion. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *People v. Kuehner*, 2015 IL 117695; *People v. Meeks*, 2016 IL App (2d) 140509. OSAD provided the defendant with proper notice of its motion. This court provided him an opportunity to file a *pro se* brief, memorandum, or other document explaining why OSAD should not be allowed to withdraw as counsel, or why this appeal has merit. However, the defendant has not taken advantage of that opportunity. This court has examined OSAD's *Finley* motion and the accompanying memorandum, as well as the entire record on appeal, and this court has determined that OSAD's assessment of this appeal is correct. The appeal has no merit whatsoever. Accordingly, OSAD's motion for leave to withdraw as counsel is granted, and the judgment of the circuit court is affirmed.

¶ 3                                    BACKGROUND

¶ 4      In Christian County case No. 17-CF-100, the defendant had been held in pretrial detention in the county jail since June 1, 2017. Nineteen months into his pretrial detention, and specifically on December 30, 2018, he sprayed a bottle containing urine at a correctional officer at the jail, and from that jailhouse incident, there arose the lone charge in the instant case, aggravated battery of a peace officer, via an information filed by the State on February 25, 2019. The defendant remained in pretrial detention at the jail. The defendant, who was represented by the public defender, and the State eventually reached a fully negotiated plea agreement that covered both No. 17-CF-100 and the instant case.

¶ 5      On September 13, 2019, the parties appeared before the circuit court, and the defendant, pursuant to that plea agreement, pleaded guilty in No. 17-CF-100 to second degree murder and pleaded guilty in the instant case to aggravated battery of a peace officer. The court admonished the defendant in accordance with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) and

2

determined that he understood the admonitions. The court also determined that the defendant's pleas were knowing and voluntary (see Ill. S. Ct. R. 402(b) (eff. July 1, 2012)) and that there were factual bases for both pleas (see Ill. S. Ct. R. 402(c) (eff. July 1, 2012)). Accepting the defendant's guilty pleas, the court imposed the agreed-upon consecutive prison sentences, *viz.*: 20 years for second degree murder and 7 years for aggravated battery of a peace officer, for an aggregate sentence of 27 years, to be followed by 2 years of mandatory supervised release. Presentence custody credit of 834 days—from June 1, 2017, to the date of the plea and sentencing—was granted against the sentence for second degree murder. The defendant indicated his understanding of the sentences. Two other charges in No. 17-CF-100 were dismissed per the plea. Finally, the court provided the defendant with his postplea, postsentencing admonitions under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) relating to his right to appeal, including the need for a written motion to withdraw guilty plea, and the defendant indicated his understanding. So concluded the plea-and-sentencing hearing of September 13, 2019.

¶ 6     Because the defendant was being held in pretrial detention at the time he committed the battery against the county correctional officer, the sentence imposed upon conviction of the battery was required to be served consecutively with the sentence imposed upon conviction of the earlier offense. See 730 ILCS 5/5-8-4(d)(8.5) (West 2018). Currently, under the same circumstances, consecutive sentences are not mandatory, but are merely permissive. See 730 ILCS 5/5-8-4(c)(4) (West 2022). At any rate, in the instant case, consecutive sentencing was a part of the parties' agreement.

¶ 7     On October 16, 2023, the defendant filed with the circuit clerk a *pro se* motion to correct an error in the calculation of presentence custody credit against his sentence for aggravated battery of a peace officer, the offense in the instant case. See Ill. S. Ct. R. 472(a)(3) (eff. May 17, 2019).

According to the defendant, he was in pretrial detention for aggravated battery of a peace officer from February 25, 2019 (*i.e.*, the date of the State's filing the information charging him with that offense) until September 13, 2019 (*i.e.*, the date of the plea-and-sentencing hearing), and so he was entitled to 201 days of sentence credit against his sentence for aggravated battery of a peace officer.

¶ 8     On October 26, 2023, the circuit court denied the defendant's *pro se* motion because there was, in actuality, no error in the calculation of presentence custody credit. The court noted that the defendant had been sentenced to two consecutive sentences in No. 17-CF-100 and in the instant case, and that in No. 17-CF-100, he had been "awarded 834 days of actual time in continuous custody" between June 1, 2017, and September 13, 2019. The days of detention from February 25, 2019, to September 13, 2019, therefore had already been credited against his aggregate sentence, the court concluded. This appeal followed.

¶ 9                                        ANALYSIS

¶ 10    This appeal is from the circuit court's order, entered on October 26, 2023, denying the defendant's *pro se* motion to correct an error in the presentence custody credit. "Whether a defendant should receive presentence custody credit against his sentence is reviewed under the *de novo* standard of review." *People v. Jones*, 2015 IL App (4th) 130711, ¶ 12.

¶ 11    It is well understood that consecutive sentences are to be treated as a single term of imprisonment. See, *e.g.*, *People v. Latona*, 184 Ill. 2d 260, 271 (1998); see also 730 ILCS 5/5-8-4(g) (West 2018) ("[i]n determining the manner in which consecutive sentences of imprisonment *** will be served, the Department of Correction shall treat the defendant as though he or she had been committed for a single term"). "[I]t necessarily follows that defendants so sentenced should receive but one credit for each day actually spent in custody as a result of the offense or offenses for which they are ultimately sentenced." *Latona*, 184 Ill. 2d at 271.

4

¶ 12    Since the defendant here was sentenced to consecutive prison terms of 20 years for second degree murder in No. 17-CF-100 and 7 years for aggravated battery of a peace officer in the instant case, he should be treated as though he were committed for a single 27-year term. As the circuit court noted in its denial order of October 26, 2023, the defendant was in custody in No. 17-CF-100 from June 1, 2017, to September 13, 2019, when he pleaded guilty and was sentenced, and therefore he served 834 days of pretrial detention. (This calculation does not include the last day of that period, the day of the actual plea and sentencing. See *People v. Williams*, 239 Ill. 2d 503, 509 (2011).) As the court further noted, the defendant received credit for all of those 834 days in jail against his aggregate term of imprisonment. If the defendant were granted his request for additional credit for the time served between February 15, 2019, and September 13, 2019, he would, in effect, be receiving double credit for those days—two days of credit for each day behind bars—which would frustrate the legislature's clearly expressed intent. See *Latona*, 184 Ill. 2d at 271.

¶ 13                              CONCLUSION

¶ 14    The circuit court did not err when it denied the defendant's *pro se* motion to correct an error in the presentence custody credit. In the sentencing order, the court already had awarded him the correct amount of credit against his aggregate sentence for the days he had actually spent in jail before his plea and sentencing. No contrary argument would have any merit. Accordingly, OSAD is granted leave to withdraw, and the judgment of the circuit court is affirmed.

¶ 15    Motion granted; judgment affirmed.